HARVEY BLOW *v.* STATE OF INDIANA.

[No. 976S313.  Filed February 22, 1978.]

*William C. Erbecker, James Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

PIVARNIK, J.—After a conviction by a jury on March 30, 1976, in the Marion Criminal Court for attempting the commission of a felony while armed, appellant Harvey Blow was sentenced to seventeen years imprisonment. The record shows that on November 25, 1974, officers from the Marion County Sheriff's office and the Indianapolis Police Department staked out Elks Lodge No. 13 at 8845 Township Line Road, Indianapolis, Indiana, where approximately two or three thousand dollars in weekend receipts were kept. At about 10:30 that morning, appellant Blow and Andrew Hawthorne arrived at the Elks Lodge. George Hale, a custodian of the Elks Lodge,

opened the doors, whereupon appellant Blow and Hawthorne entered. Appellant was wearing rubber surgical gloves and carried a sawed-off shotgun and a bag containing two ski masks and adhesive tape. Appellant told Hale it was a "stickup" and put the shotgun to Hale's chest. After being told to lie down, Hale was struck on the head and knocked out. Appellant left Hale and entered another room where a police officer shouted, "Stop, police." Appellant, who was then three or four feet from the officer, turned toward the officer with his shotgun. The officer shot and wounded appellant. Hale was found by another officer lying face down on the floor with his hands tied behind his back. Hawthorne, who was holding a knife to Hale's back, was arrested without further incident.

Appellant assigns three errors in the proceedings of his trial below: (1) that the trial court erred in giving an instruction on reasonable doubt; (2) that the trial court erred in denying appellant's motion for judgment on the evidence, and; (3) that the trial court erred in refusing to give appellant's tendered instruction on possible lesser included offenses.

## I.

Appellant assigns error to the trial court's instruction to the jury on reasonable doubt. It is alleged that the instruction contained extraneous matters that confused the jury. At trial, appellant filed a written objection to the court's proposed preliminary instruction. Appellant's tendered instruction modifying the preliminary instruction on reasonable doubt was accepted and given to the jury as modified. Appellant did not object to this modified instruction on reasonable doubt. It is this modified instruction that appellant urges as error.

Where an alleged error has not been raised by proper objection at trial, it will not be considered on appeal. *Stacker* v. *State,* (1976) 264 Ind. 692, 348 N.E.2d 648; *Brown* v. *State,* (1975) 264 Ind. 40, 338 N.E.2d 498. The only exception is if failure to consider the alleged

error would deny the appellant fundamental due process. *Greentree* v. *State,* (1976) 265 Ind. 47, 351 N.E.2d 25; *Brown* v. *State, supra.* In the case at hand, appellant failed to object at trial to the giving of the modified instruction. Furthermore, the modified instruction was not so confusing as to deny appellant fundamental due process. Consequently, appellant's assignment of error is without merit.

## II.

Appellant next contends that the trial court erred in denying his motion for a directed verdict at the close of the state's case. Following denial of this motion, appellant did not present any evidence of his own. This court has held that overruling a motion for a directed verdict is error only if there is a total lack of evidence on some essential issue or where the evidence is susceptible of only one inference, and that being in favor of the accused. *Mendez* v. *State,* (1977) 267 Ind. 67, 367 N.E.2d 1081; *Carmon* v. *State,* (1976) 265 Ind. 1, 349 N.E.2d 167; *Carroll* v. *State,* (1975) 263 Ind. 696, 338 N.E.2d 264. Here, as demonstrated by the statement of facts at the beginning of this opinion, there is ample evidence in the state's favor to support the court's denial of appellant's motion for a directed verdict. The evidence presented is thus not susceptible to only an inference in favor of the accused and the trial court did not err when it denied appellant's motion.

## III.

Appellant was charged in Count I with commission of or attempting to commit a felony while armed, and in Count II with inflicting physical injury while attempting to commit a robbery. Following presentation of the state's case, the jury was instructed that the state

must prove beyond a reasonable doubt all the essential elements of the crime of: (1) attempting the commission of a felony while armed, or: (2) infliction of physical injury in the commission or attempted commission of a felony, or: (3) assault and battery with intent to commit a felony. Appellant objected to this instruction claiming that other possible lesser included offenses should have been included. Appellant tendered an instruction which covered the above offenses, plus one on assault and another on assault and battery. The trial court refused the tendered instruction on possible lesser included offenses and appellant claims this as error. However, this issue is moot on appeal. Of the two offenses charged, only Count II contains elements of injury or threats thereof. These elements are also essential in the additional offenses to which appellant desired instructions, assault and assault and battery. However, appellant was acquitted of the charge in Count II and convicted of the charge in Count I. He was thereby acquitted of the offense that included his desired offenses as alternatives. Therefore, determination of whether the tendered instruction covering other possible lesser included offenses should have been given is inconsequential when appellant's convicted offense is considered.

The judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 372 N.E.2d 1166.