ROBERT L. HAWKINS *v*. STATE OF INDIANA.

[No. 477S278. Filed July 21, 1978.]

*Jim Bancroft Brown,* of Crown Point, for appellant.

*Theodore L. Sendak,* Attorney General, *Victoria R. Van Duren,* Deputy Attorney General, for appellee.

PIVARNIK, J.—At the conclusion of a jury trial in the Lake Superior Court on November 16, 1976, appellant Hawkins was convicted of delivering a "schedule I" controlled substance, heroin. Hawkins was sentenced to a determinate period of twenty years imprisonment.

Three issues are presented for our review. These issues concern: (1) the adequacy of appellant's trial counsel; (2) whether sentencing by a jury without consideration of a presentence report constitutes cruel and unusual punishment; (3) whether appellant's right to jury trial and right not to testify against himself were denied by Indiana's procedure regarding presentence investigation.

I.

The appellant first argues that he was not afforded adequate representation by his trial counsel. His sole claim in this

regard is that his trial attorney failed to object or otherwise suppress the word "Homicide" from Hawkins' confession. Contained in the appellant's statement to police was the following colloquy between Hawkins and the interrogating officer:

"Q. Why are you here in the detective bureau of the Gary Police Dept. at this time?
A. For investigation of Homicide and Narcotics."

Appellant does not challenge the voluntariness of his confession or its admission into evidence at trial. He merely asserts that his lawyer's failure to have the word "Homicide" deleted from the statement demonstrated a degree of incompetence which would require this court to reverse his conviction.

It is well settled that it requires strong and convincing evidence to rebut the presumption that counsel has been competent. *Dull* v. *State,* (1978) 267 Ind. 549, 372 N.E.2d 171, 173. Incompetency of counsel revolves around the particular facts of each case. *Roberts* v. State, (1977) 266 Ind. 72, 360 N.E.2d 825, 829. The fact that another attorney might have conducted the defense differently is not sufficient reason to require a reversal. Isolated poor strategy, bad tactics, a mistake, carelessness or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice, shocking to the conscience of the reviewing court. *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686, 696. In the present case, we do not believe that the single, isolated mistake relied upon by appellant established that his trial counsel was incompetent. Consequently, appellant's assignment of error is without merit.

## II.

Appellant's next contention concerns the procedure under which he was sentenced. Pursuant to Ind. Code § 25-12-1-1 (Burns 1975), the appellant was sentenced by the jury. This

was done without the consideration of a presentence report. Hawkins argues that the sentence thus rendered violates the Eighth and Fourteenth Amendments as being cruel and unusual punishment.

The Eighth Amendment to the United States Constitution bans punishments which are either "barbaric" or excessive in relation to the crime committed. *Coker* v. *Georgia,* (1977) 433 U.S. 584, 97 S.Ct. 286, 53 L.Ed.2d 982. A punishment is excessive and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment such that it constitutes nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. *Gregg* v. *Georgia,* (1976) 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859. The appellant's sentence of a determinate period of twenty years imprisonment for the conviction of delivering a "schedule I" controlled substance, heroin, was neither barbaric nor excessive in relation to the crime.

The appellant's argument concerning sentencing by a jury without a presentence report, is essentially a due process argument, attacking the process by which his sentence was ultimately rendered. This court recently decided that this sentencing procedure does not violate either the due process or equal protection rights of defendants. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229. In *Pulliam* we held that a defendant has no inherent right to have a presentence report considered prior to his sentencing. Further, the consideration of a presentence report is a privilege which the legislature has granted defendants tried before a judge but which is necessarily denied those defendants tried before a jury. *Colvin* v. *State,* (1976) 264 Ind. 514, 346 N.E.2d 737, 740; *Pulliam, supra.* There is no error here.

III.

The appellant's final contention also concerns the sentencing procedure. He argues that by not allowing the jury to con-

sider a presentence report prior to sentencing, a defendant is placed in the following dilemma: a defendant may choose to (1) waive his right to a jury trial, in which case the trial judge will determine the sentence after considering the presentence report, or; (2) the defendant may exercise his right to a jury trial, in which case the jury will fix the sentence without knowing anything about the defendant's background unless the defendant elects to take the stand and so inform them. This procedure, it is argued, has the effect of "chilling" both a defendant's right to a jury trial under the Sixth Amendment and his right not to incriminate himself under the Fifth Amendment.

The appellant's argument is flawed by false assumptions, contradiction and conjecture. The argument assumes that if a presentence report had been submitted to the jury in the present case, its contents would have influenced the jury to return a lesser sentence. We refuse to indulge in such speculation. This assumption also points out a contradiction inherent in appellant's argument. That is, that the information relating to Hawkins' background would have been favorable if considered by the jury as a presentence report, however, that the same information would have been incriminating if elicited from the defendant as a witness.

The appellant's argument wrongly assumes that the types of information contained in a presentence report may only be brought to a jury's attention in two ways: in the form of a presentence report, or through the defendant's own testimony. If the appellant believed that he could convey a favorable image to the jury by showing his good character, clean arrest record, family, economic or social situations, certainly he could have done so by offering evidence and witnesses other than his own testimony. Appellant was thus not forced to choose between the exercise of two constitutional rights.

Finally, we find it unlikely that criminal defendants do, in fact, choose between a bench and jury trial on the basis of

whether a presentence report will be considered before a sentence is fixed. For those defendants who would consider this as a factor, we reiterate our holding in *Pulliam, supra,* that the use of a presentence report prior to sentencing is but another necessary difference between the procedures followed when trial is before a jury and when trial is before a judge.

Accordingly, we find that the appellant's Fifth and Sixth Amendment rights were not denied.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 378 N.E.2d 819.