WILLIAM C. MCMAHAN *v.* STATE OF INDIANA.

[No. 1277S804. Filed November 9, 1978.]

*Julian D. Pace, Jack R. Burton,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Gordon R. Medlicott,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Following a bench trial in the Dubois Circuit Court, appellant McMahan was found guilty on five counts of forgery and of being an habitual criminal. On August 8, 1977, the court sentenced McMahan to five concurrent terms of two to fourteen years imprisonment for the forgery convictions and to life imprisonment on the habitual offender count.

The evidence adduced at trial reveals that during July and August of 1976, appellant was employed as a janitor for Plunk's Janitorial Service of Tell City, Indiana. As part of his employment, appellant was assigned to do cleaning work at night in the Southwire Company of Howesville, Kentucky. In that capacity, appellant was given a master key which opened a closet in which insurance checks were kept. During this two month period, seven insurance checks payable to disabled Southwire employees turned up missing. Five of these checks were endorsed and cashed by appellant in a Tell City tavern and in banks in Perry County, Indiana. It was also proven that appellant had twice been imprisoned upon forgery convictions in the past.

Appellant presents three issues for our review concerning: (1) the denial of his Motion to Dismiss Count #6 of the information which charged him with being an habitual felon; (2) the constitutionality of the habitual criminal statute, and; (3) the sufficiency of the evidence.

## I.

Appellant first argues that the trial court erred in denying his Motion to Dismiss the count charging him with being an habitual criminal. The record shows that the information originally filed against appellant consisted of one count of forgery. The information was then amended to include five counts of forgery and was later amended a second time to include the habitual criminal count. Appellant contends that the addition of the habitual criminal charge was the product of vindictiveness on the part of the prosecutor. It is argued that the prosecutor threatened to add the more serious charge if appellant refused to accept a plea arrangement whereby he would plead guilty to one count of forgery. This, appellant contends, constituted a denial of due process as appellant was being coerced into foregoing his right to a trial.

This same argument was recently considered and rejected by the United States Supreme Court in *Bordenkircher* v. *Hayes*, (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed. 2d 603. The facts in *Hayes* were striking similar to the facts in the present case. Hayes had been indicted by a Kentucky grand jury on a charge of uttering a forged instrument. After arraignment, the prosecutor offered to recommend a sentence of five years imprisonment in return for Hayes' plea of guilty. The prosecutor further stated that if Hayes did not accept the arrangement and "save the court the inconvenience and necessity of a trial" he would return to the grand jury and seek an indictment under Kentucky's recidivist statute. Like McMahan, Hayes chose not to plead guilty and proceeded to trial where he was convicted of forgery and of being an habitual criminal. In response to Hayes' due process challenge, the Supreme Court stated:

> "We hold only that the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process clause of the Fourteenth Amendment."

*Hayes, supra,* at 434 U.S. 365, 98 S.Ct. 669, 54 L.E.2d 612. In reaching its decision, the Court emphasized two facts: (1) that at the outset of the plea negotiations, Hayes was advised of the prosecutor's intent to reindict him on the greater charge, and; (2) that the greater charge with which the prosecutor threatened Hayes, was for an offense for which Hayes was properly chargeable. In this context, the prosecutor's threat to reindict was merely a term of the prosecutions offer to Hayes which offer Hayes was free to accept or reject. The end result of this process was, in reality, no different than if the grand jury had indicted Hayes as a recidivist at the outset and the prosecutor had offered to drop that charge as part of the plea bargain. Thus, the prosecutor's conduct was simply a justifiable exploitation of legitimate bargaining leverage. *See United States* v. *Allsup,* (9th Cir. 1978) 573 F.2d 1141, 1143.

In the present case, the facts clearly indicate that appellant was aware, during the plea bargaining process, that his rejection of the state's offer might result in an amended information adding the recidivist charge. Also, the habitual criminal count charged appellant with an offense for which he was properly subject to prosecution, as he had prior forgery convictions in 1953 and 1968. Thus, appellant rejected the state's offer with full awareness of its terms and possible consequences. *Compare Dube* v. *State,* (1971) 257 Ind. 398, 275 N.E.2d 7. We therefore find that the prosecutor's conduct did not violate appellant's right to due process.

## II.

Appellant next argues that the imposition of a life sentence upon his conviction as an habitual criminal constituted cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibits punishments which are either barbaric or excessive in relation to the crime committed. *Coker* v. *Georgia,* (1977) 433 U.S. 584, 97 S.Ct. 286, 53 L.Ed.2d 982; *Hawkins* v. *State,*

(1978) 269 Ind. 16, 378 N.E.2d 819, 820. A punishment is excessive and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment such that it constitutes nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. *Gregg* v. *Georgia,* (1976) 428 U.S. 153, 96 S.Ct. 2090, 49 L.Ed.2d 859; *Hawkins* v. *State, supra.* Habitual criminal statutes such as Indiana's were held to be constitutional by the United States Supreme Court in *Spencer* v. *Texas,* (1967) 385 U.S. 554, 560, 87 S.Ct. 648, 655, 17 L.Ed.2d 606, 611. Appellant argues that because Ind. Code § 35-8-8-1 (Burns 1975) does not distinguish between violent and non-violent felonies, it is unconstitutional as applied in his case. We do not agree with appellant's position that a life sentence is excessive when imposed after a defendant's third felony conviction, regardless of whether or not such felonies involved violence. *Contra, Rummel* v. *Estelle,* (5th Cir. 1978) 568 F.2d 1193, *reh. en banc granted and pending,* 568 F.2d 1203. There is thus no error presented in this issue.

### III.

Appellant's last argument challenges the sufficiency of the evidence supporting his conviction. His sole claim in this regard is that there was insufficient evidence from which the trial court could find that appellant was competent to stand trial. The evidence most favorable to the state shows that two psychiatrists were appointed by the trial court pursuant to Ind. Code § 35-5-3.1-1 (Burns 1975) for the purpose of examining appellant and reporting on his capacity to understand the proceedings and assist in preparation of his defense. At a preliminary hearing, one doctor testified that appellant understood what was taking place and further stated that McMahan was definitely competent to stand trial. The other psychiatrist testified that although appellant seemed to understand the nature of the charges against him, it was his opinion that there should be further testing conducted.

It is fundamental that on appeal, this court will neither reweigh evidence nor judge the credibility of witnesses. Where, as here, there is conflicting medical evidence as to a defendant's competency to stand trial, this court will not overturn the determination of the trial court. *Bobbitt* v. *State*, (1977) 266 Ind. 164, 361 N.E.2d 1193, 1197. There is no error here.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 382 N.E.2d 154.