James Robert NORRIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 378S47.

Supreme Court of Indiana.

Sept. 19, 1979.

Rehearing Denied Nov. 15, 1979.

Frank E. Spencer, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant James R. Norris was convicted by a jury in the Rush Circuit Court on March 23, 1976, of theft, Ind.Code (Burns 1975) § 35–17–5–3, and of being a habitual criminal, Ind.Code (Burns 1975) § 35–8–8–1.

He received an indeterminate sentence of one to ten years on the theft count and a life sentence on the habitual criminal count.

Appellant raises nine issues for our consideration, concerning:

(1) whether the trial court erred in overruling defendant's motion for examination by a psychiatrist of his own choosing;

(2) whether the trial court erred in overruling defendant's written motion to dismiss Count II of the information, the habitual criminal charge;

(3) whether the trial court erred in overruling defendant's oral motion to dismiss Count II;

(4) whether the trial court erred in permitting testimony concerning fingerprints taken from defendant during the trial;

(5) whether the trial court erred in permitting the State to amend Count II to conform to the evidence;

(6) whether the trial court erred in overruling defendant's motion for a directed verdict at the close of the State's evidence;

(7) whether the habitual criminal statute is unconstitutional;

(8) whether appellant was denied due process by the filing of the habitual criminal charge; and

(9) whether there is sufficient evidence to support the habitual criminal conviction. In addition, we shall raise, *sua sponte*, an issue concerning the sentencing of appellant.

### I.

■ Appellant was examined by two psychiatrists appointed by the trial court. He thereafter requested permission to retain, at the State's expense, a psychiatrist of his own choosing. It appears from the record that appellant filed a plea of temporary insanity, which he withdrew after the trial court refused to allow him to retain, at State expense, a psychiatrist of his own choosing. He now argues that, if he had had the assistance of his own psychiatrist, he either would not have been forced to withdraw his temporary insanity plea, or

might not have filed this plea. This argument is without merit.

Under Ind.Code (Burns 1975) § 35–5–2–2, psychiatrists are appointed by the court to examine the defendant *and* to testify at trial. Therefore, the trial court's refusal to allow appellant to retain his own expert did not, *per se*, force appellant to withdraw his temporary insanity defense. Furthermore, our courts have previously held that this statute does not require the court to appoint psychiatrists of a defendant's choosing. *Murphy v. State,* (1976) 265 Ind. 116, 123, 352 N.E.2d 479, 484; *Bimbow v. State,* (1974) 161 Ind.App. 338, 348, 315 N.E.2d 738, 744. Appellant has made no showing of any prejudice resulting from the court's denial of additional experts for the preparation of his defense. *See Roberts v. State,* (1978) Ind., 373 N.E.2d 1103. There is thus no error here.

### II.

■ Appellant next argues that the trial court erred in overruling his written motion to dismiss Count II, the habitual criminal charge. This motion was filed prior to trial, and alleged that the addition of Count II to the original information was contrary to Ind.Code (Burns 1975) § 35–3.1–1–5(e). That subsection provides:

Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the crime charged; nor may any indictment or information be amended after arraignment for the purpose of curing a failure to charge or state a crime or legal insufficiency of the factual allegations.

Appellant contends that adding the habitual criminal count to the information changed the theory of the prosecution or the identity of the crime charged.

■ The habitual criminal statute, however, does not establish a separate crime; it merely provides for the imposition of a greater sentence for the crime charged. *Eldridge v. State,* (1977) 266 Ind. 134, 361

N.E.2d 155, *cert. denied* (1977) 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287. This Court has held, under facts very similar to those presented here, that amending the information to include a count under the habitual criminal statute is not error, so long as the defendant has adequate time to prepare his defense and his substantial rights are not otherwise harmed. *Howard v. State,* (1978) Ind., 377 N.E.2d 628, 629, *cert. denied* (1978) 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708. *See Highsaw v. State,* (1978) Ind., 381 N.E.2d 470, 471. We find no error as to this issue.

### III.

Appellant orally moved to dismiss Count II of the information immediately prior to the trial of this charge. In this motion he raised new alleged grounds for dismissing Count II. The trial court found that appellant had not complied with Ind.R. Crim.P. 3, which requires a written memorandum specifically describing the defects of which the movant complains. Appellant's earlier, written motion to dismiss properly contained this memorandum. However, the written motion and memorandum did not raise the issues he attempted to raise later in the oral motion. Under Rule 3, "[t]he party so filing such [written] motion shall be deemed to have waived his right thereafter to question the indictment or affidavit on any ground not so specified in the memorandum." The trial court therefore held that, by failing to include these grounds in his initial written motion to dismiss, he had waived this issue. Rule 3 was designed to prevent the repeated filing of motions to dismiss which raise new grounds each time. The trial court, therefore, was correct in overruling appellant's motion on this basis.

### IV.

Appellant claims the trial court erred in admitting testimony from a police officer regarding fingerprints taken from appellant. Norris' fingerprints were taken during the trial, outside the presence of the jury and appellant's counsel. It is also ap- parent, however, that the objection to this evidence was withdrawn by the defendant. Record at 388. Therefore, appellant has waived this alleged error, unless he can show that failure to consider the issue would deny him fundamental due process. *Blow v. State,* (1978) Ind., 372 N.E.2d 1166, 1167; *Bell v. State,* (1977) Ind., 366 N.E.2d 1156, 1160. Taking appellant's prints without his counsel being present violated none of his constitutional rights. *Frances v. State,* (1974) 262 Ind. 353, 357, 316 N.E.2d 364, 366; *Hollars v. State,* (1972) 259 Ind. 229, 232, 286 N.E.2d 166, 168. *See Schmerber v. California,* (1966) 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. *Cf. Adams v. State,* (1973) 260 Ind. 663, 299 N.E.2d 834, *cert. denied* (1974) 415 U.S. 935, 94 S.Ct. 1452, 39 L.Ed.2d 494.

### V.

Appellant next alleges the trial court erred in allowing the State to amend Count II to conform to the evidence. After the State presented its evidence relating to the habitual criminal charge, the prosecutor moved to amend the date of one of the prior convictions listed in the information to conform to the documentary evidence presented. We think the court properly allowed the amendment.

The statute relating to the amending of an information, Ind.Code (Burns 1975) § 35–3.1–1–5, states in part:

(a) An . . . information . . . may be amended on motion by the prosecutor at any time because of any immaterial defect, including:

.     .     .     .     .

(9) Any other defect which does not prejudice the substantial rights of the defendant.

.     .     .     .     .

The amendment in question did not relate to a material element of the status charged in Count II, and appellant has not shown how curing the discrepancy affected his defense or prejudiced his substantial rights. *Buchanan v. State* (1975) 263 Ind. 360, 332 N.E.2d· 213; *Hilligoss v. State,* (1970) 253

Ind. 443, 255 N.E.2d 101; *Herman v. State,* (1965) 247 Ind. 7, 210 N.E.2d 249. *See Howard v. State, supra; Johnson v. State,* (1972) 258 Ind. 383, 281 N.E.2d 473. The trial court did not err in permitting the amendment.

## VI.

Appellant next claims the trial court erred in overruling his motion for a directed verdict at the close of the State's evidence. He argues that there was no showing: (1) that he was convicted twice of felonies within the common law meaning of "felony"; (2) of what constitutes a felony in Texas; and (3) that he was the individual convicted in Texas. Appellant's contentions are without merit.

■ It is settled that overruling a motion for a directed verdict is error only if there is a total lack of evidence on some essential issue or where the only inference which may be drawn from the evidence is in favor of the accused. *Blow v. State,* (1978) Ind., 372 N.E.2d 1166, 1167. *See Mendez v. State,* (1977) Ind., 367 N.E.2d 1081, 1084. The habitual criminal statute, Ind.Code (Burns 1975) § 35–8–8–1, speaks in terms of one who has been "twice convicted, sentenced and imprisoned in some penal institution, for felony . . . ." This Court has held that the word "felony" no longer has its common law meaning, and that "felony" must be interpreted in light of Ind. Code (Burns 1975) § 35–1–1–1, which states: "All crimes and public offenses which may be punished with imprisonment in the state prison shall be denominated felonies . . . ." *See Kelley v. State,* (1933) 204 Ind. 612, 624, 185 N.E. 453, 458. Therefore, the State was not required to show two prior felony convictions which fit within the common law meaning of "felony." *See Kelley v. State, supra.*

■ Appellant also claims there was no evidence as to what constituted a felony in Texas. However, page four of State's Exhibit eighteen, which a "Judgment" from the Criminal District Court of Harris County, Texas, recites in part:

"The Court . . . found the Defendant guilty of the offense of unlawfully injuring property, a felony . . . ..

It is therefore considered, ordered and adjudged by the Court that the Defendant is guilty of the offense of unlawfully injuring property, a felony . . . .."

Record at 381. We think, therefore, that there was more than sufficient evidence on this question to justify the trial court in overruling appellant's motion for a directed verdict.

■ Appellant also contends there was no showing that he was the individual who was convicted in Texas. Bearing in mind the applicable standard of review, we think appellant is mistaken. State's Exhibit eighteen is a set of documents from the Texas Department of Corrections. It includes, inter alia, pictures of appellant, a copy of a judgment finding "James R. Norris" guilty of unlawfully injuring property, a copy of the sentence appellant received, and a form showing appellant's fingerprints. Both of these last two documents also bear appellant's signature. In addition, State's Exhibit nineteen is a portion of the transcript made at appellant's bond reduction hearing, in which he acknowledged the conviction referred to in State's Exhibit eighteen. Appellant has failed to show that the only inference which may be drawn from the evidence is in his favor, or that there was a total lack of evidence on some essential element. *Blow v. State, supra.* The trial court properly overruled the motion for a directed verdict.

## VII.

Appellant next challenges the constitutionality of the habitual criminal statute. The statute under which appellant was sentenced provided for a mandatory life sentence. Appellant claims that, as applied, this mandatory life sentence constitutes cruel and unusual punishment, in contravention of the Eighth Amendment to the United States Constitution. He also argues that the sentence is a penalty which is disproportionate to the nature of the offense, and therefore in violation of article

**150**

one, section sixteen of the Indiana Constitution.

This Court recently settled the Eighth Amendment issue in *McMahan v. State*, (1978) Ind., 382 N.E.2d 154. Finding that the habitual criminal statute does not impose cruel and unusual punishment, we stated:

"We do not agree with appellant's position that a life sentence is excessive when imposed after a defendant's third felony conviction, regardless of whether or not such felonies involved violence."

*Id.* 382 N.E.2d at 157. In *Hawkins v. State*, (1978) Ind., 378 N.E.2d 819, we noted the general Eighth Amendment standards:

"The Eighth Amendment to the United States Constitution bans punishments which are either 'barbaric' or excessive in relation to the crime committed. *Coker v. Georgia*, (1977) 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982. A punishment is excessive and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment such that it constitutes nothing more than purposeless and needless imposition of pain and suffering; or (2) *is grossly out of proportion to the severity of the crime*. *Gregg v. Georgia*, (1976) 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859."

*Id.* at 820–21 (emphasis added). Thus, under *Gregg v. Georgia*, supra, and *Hawkins v. State*, supra, one of the applicable Eighth Amendment tests demands proportionality between the punishment and the crime. Article one, section sixteen of the Indiana Constitution also requires penalties which are proportional to the nature of the offense. We think the standards to be applied under this provision should be the same as the second test under Eighth Amendment analysis. We can see no reason for creating a greater or lesser standard under article one, section sixteen when its language is so similar to the relevant Eighth Amendment standard.

With respect to the habitual criminal statute, this Court has recognized that its purpose is to more severely penalize those persons whom prior sanction have failed to deter from committing felonies. *Bernard v. State*, (1967) 248 Ind. 688, 694, 230 N.E.2d 536, 540. "The punishment is harsh because the offender is a habitual criminal." *Id.* While Norris' sentence was imposed on only the theft conviction, it was imposed because he previously had been twice convicted of felonies. Thus, given the reasoning behind the imposition of the life sentence, we cannot say that this sentence is grossly out of proportion to the severity of the crime. *McMahan, supra*; *Hawkins, supra*. We hold that the sentence imposed on appellant did not run afoul of either the Eighth Amendment to the United States Constitution or article one, section sixteen of the Indiana Constitution.

## VIII.

Appellant also argues that the filing of the habitual criminal charge in this case was a vindictive move by the prosecutor and therefore in contravention of the Fourteenth Amendment's guarantee of due process of law. Appellant claims the prosecutor filed this charge only after appellant insisted on pleading not guilty to the theft charge, in an attempt to coerce appellant into foregoing his right to a trial. This Court disposed of a similar argument in *McMahan v. State*, (1978) Ind., 382 N.E.2d 154. In the present case, just as in *McMahan*, the habitual criminal count charged appellant with an offense for which he was properly subject to prosecution before the failure of the plea negotiations. In addition, given that the habitual criminal charge was based on appellant's prior convictions, he surely was aware that this charge might be brought. Record at 42A–42–I. "Thus, the prosecutor's conduct was simply a justifiable exploitation of legitimate bargaining leverage." *Id.* at 156. *See Brodenkircher v. Hayes*, (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604. The filing of the habitual criminal charge did not deny appellant due process.

## IX.

Appellant next argues there was insufficient evidence to convict him of

being a habitual criminal. In examining whether there was sufficient evidence to support a conviction, we will not weigh the evidence. We will look only to that evidence which supports the verdict and the logical inferences to be drawn therefrom. If there is substantial evidence to establish each essential element, the verdict will not be disturbed. *Brewer v. State,* (1979) Ind., 390 N.E.2d 648, 653; *Taggart v. State,* (1979) Ind., 390 N.E.2d 657, 659. Having this standard in mind, it is apparent that appellant's contention is without merit.

As noted above, State's Exhibit eighteen contained a great deal of evidence relating to appellant's conviction in Harris County, Texas for unlawfully injury property. State's Exhibit twenty is a commitment form, from Fayette County, Indiana, committing appellant to one year imprisonment for theft. State's Exhibit ten is a document from the Fayette Circuit Court reflecting the arraignment, guilty plea, and sentencing of appellant on this theft charge. In addition, State's Exhibit nineteen is a copy of a portion of the transcript of appellant's bond reduction hearing. This exhibit was admitted without objection from appellant's counsel, and reflects appellant's acknowledgement of both of the convictions referred to above. Clearly there was sufficient evidence from which the jury could have found beyond a reasonable doubt that appellant had been twice convicted, sentenced and imprisoned for felonies. We find no error with respect to this issue.

We note, *sua sponte,* that appellant was improperly sentenced. He received a one to ten year sentence for the theft conviction and a life sentence under the habitual criminal statute. However, under this statute, " '[t]he life sentence is . . . properly imposed as an alternative sentence for the instant crime [theft]. Therefore, appellant should have been sentenced to life imprisonment for the crime of [theft], he having been found to be a habitual criminal.' " *Jones v. State,* (1977) Ind., 369 N.E.2d 418, 421–22, *quoting Eldridge v. State,* (1977) 266 Ind. 134, 139–40, 361 N.E.2d 155, 159, *cert. denied* (1977) 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287. Therefore, this cause is remanded to the trial court with instructions to vacate the one to ten year sentence imposed on the theft conviction and correct the sentence accordingly. The judgment of the trial court is affirmed in all other respects.

All Justices concur.