**Robert BRAY and Clinton Davis,
Appellants,**

v.

**STATE of Indiana, Appellee.**

**No. 581S130.**

Supreme Court of Indiana.

Feb. 11, 1982.

February 5, 1981, and Robert Bray was given fourteen years imprisonment on February 6, 1981. Their sentences and convictions are the subjects of this appeal.

Defendants raise seven errors in the proceedings of their trial below, concerning: (1) whether the trial court erred in admitting photographs without proper authentication; (2) whether the trial court erred in admitting a duplicate of a property receipt; (3) whether the trial court erred in admitting a photograph without establishing the proper chain of custody; (4) whether the trial court erred in admitting a photograph without establishing its relevancy; (5) whether the trial court erred in admitting hearsay evidence; (6) whether the trial court erred in denying defendants' motion for judgment on the evidence and whether there was sufficient evidence to sustain the convictions; and (7) whether the sentences imposed by the trial court were cruel and unusual punishments and unreasonable.

The crime in question occurred on February 27, 1980, when the home of the victim, Mr. DeLoney, was broken into and a console television set was taken. Defendants were arrested that same evening with the missing television set in the trunk of the car they were occupying at the time.

Kenneth L. Anderson, Griffith, for appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendants-appellants Robert Bray and Clinton Davis were convicted of Burglary, Ind.Code § 35–43–2–1 (Burns Repl. 1979) in Lake Superior Court on January 28, 1981. The crime was a Class B felony because § 35–43–2–1 so provides when the offense "is committed while armed with a deadly weapon or if the building or structure is a dwelling, . . . ." Clinton Davis was given a sentence of twelve years imprisonment on

I.

State's exhibits 1–5 and 8 were admitted into evidence over defendants' objection that they were not properly authenticated. Exhibit 1 was a picture of the front of Mr. DeLoney's house; exhibits 2 and 3 showed the bent doorknob and the damaged door by which the defendants entered the house. Exhibits 4 and 5 were photographs of the back and front of the console television set, respectively. Finally, exhibit 8 showed the interior of the car defendants were driving when arrested. Defendants argue that the photographs were taken 5 or 6 days after the crime took place. Both men feel that in that time changes could have taken place and thus the photographs were not properly authenticated.

██ This Court has stated before that admission of photographs is within the sound discretion of the trial court and will not be disturbed unless the trial court abused its discretion. To be admitted, it must first be established that the photographs are a true and accurate representation of the things they are intended to portray. *Chambers v. State*, (1979) Ind. 392 N.E.2d 1156, 1160; *Gee v. State*, (1979) Ind. 389 N.E.2d 303, 310; *Wilson v. State* (1978) 268 Ind. 112, 116–17, 374 N.E.2d 45, 48. Their relevancy is determined by whether a witness would be permitted to describe verbally that which the photographs depict. *Murphy v. State*, (1977) 267 Ind. 184, 195, 369 N.E.2d 411, 416.

Defendants argue that the five or six day wait before taking the photographs makes them inadmissible into evidence. However, Bray and Davis do not point to any changes that were made before the photographs were taken; they merely speculate that the lapse in time can possibly give rise to changes in the matter depicted. Their argument is without merit. The important consideration is that the photographs are a *true and accurate representation* of the things they are intended to portray. Mr. DeLoney stated that exhibits 1–3 accurately portray the front of his home and the damaged door as he found them on the night his house was burglarized. He also stated from the witness stand that exhibits 4 and 5 portrayed the stolen television set. Defendants do not argue that Mr. DeLoney would not be able to describe verbally the subjects depicted; therefore, exhibits 1–5 were properly admitted.

As to exhibit 8, there was a change in the subject depicted between the time the men were arrested and the picture was taken. Exhibit 8 shows the front interior of the car defendants were driving and also shows the location of a tire iron on the floor of the automobile. In addition, the photograph shows snow covering portions of the seat and floor. However, Officer Mitchell, the testifying witness, stated that, except for the snow, the photograph was an accurate portrayal of the interior of the car when the two men were arrested. The presence of the snow has not crippled the introduction of this exhibit nor has it prejudiced the defendants. In this situation, the time element and the presence of the snow would affect the weight to be given to the photographs, not their admissibility. *Compare Sloan v. State*, (1980) Ind., 408 N.E.2d 1264, 1266. There is no trial court error here.

## II.

█ Officer Mitchell removed the television set from the defendants' car and wrote up a departmental receipt for the console when he turned it in at the station. On the witness stand, Mitchell was shown a photograph of the property receipt. He identified State's exhibit 7 as the same property receipt he wrote for the television after he took it from the defendants. Defendant Bray's attorney raised an objection when the State sought to have the exhibit introduced into evidence. The following discussion was held outside the hearing of the jury.

BY MR. SCHNEIDER [Bray's attorney]:

Mr. Troumouliaris has no objection to State's Exhibit Seven. My objection, I don't know if the Court would consider it proper, would be two things. Best evidence would be the actual sheet itself unless the State could explain at this time why the original is not here and the other point is, I think it is irrelevant to the case in chief.

BY MR. JACKSON:

Concerning the relevancy, I think it is necessary that it be established that the TV he found in the back seat or the trunk with that serial number is the same serial number that appears on Mr. DeLoney's sales receipt for the television set.

BY THE COURT:

Okay, I think that the receipt has some probity value, what about the best evidence?

BY MR. JACKSON:

I have got the original, but the best evidence rule pertains to the actual existence of a document. If the question

is Mr. Schneider doesn't believe the document really exists, I will get the original out of the file, but it's going to take us longer.

The trial court judge then allowed the exhibit to be introduced into evidence.

Defendant Davis cannot claim error on appeal for this issue because he has waived any error in its admission by failing to raise a timely and specific objection at trial. *Lock v. State*, (1980) Ind., 403 N.E.2d 1360, 1367; *Merrifield v. State*, (1980) Ind., 400 N.E.2d 146, 149. Defendant Bray argues that admitting the photograph when the actual document is available violates the best evidence rule. We feel that defendant misconstrues the best evidence rule. We held recently in *Brandon v. State*, (1979) Ind., 396 N.E.2d 365:

"It has already been clearly established in this state that a duplicate of a document is admissible in evidence 'to the same extent as an original unless a genuine issue is raised as to the authenticity of the original, or under the circumstances existing it would be unfair to admit the duplicate as an original.'"

*Id.* at 396 N.E.2d at 370, quoting *Wilson v. State*, (1976) 169 Ind.App. 297, 304–05, 348 N.E.2d 90, 95.

The record shows that Mr. Jackson asked Mr. Schneider if he did not believe that the actual document existed. It appears that Mr. Schneider did believe it existed and did not contest the language or contents of the property receipt; rather, he felt that the original should have been introduced instead of the photograph. There was no error or prejudice to the defendant in allowing the introduction of the photograph.

### III.

Defendants also objected to the introduction of State's exhibit 8, a picture of the car's interior and position of a tire iron on the floor, because of a lack of evidence showing chain of custody. As noted above, snow had fallen into the car between the time of the arrest and the time the picture was taken. Defendants believe that there was a possibility that someone could have tampered with the car, although they do not point to any specific tampering.

We stated before in *Gee v. State*, (1979) Ind., 389 N.E.2d 303:

"Appellant claims that the rule of *Graham v. State*, (1970) 253 Ind. 525, 255 N.E.2d 652 requires that a complete chain of custody be established tracing possession of an original exhibit to the final custodian and that if one link is entirely missing, the exhibit cannot be introduced or made the basis for testimony...

... The rule in *Graham, supra,* focused on the need to avoid any claim of substitution, tampering or mistake. Non-fungible items do not require a high degree of scrutiny applied to fungible items such as drugs. *Wilson v. State*, (1975) 263 Ind. 469, 333 N.E.2d 755. The exhibits in the present case were all evidence with characteristics capable of eyewitness identification, unlike the fungible narcotics involved in *Graham*. It is a sufficient foundation for the introduction of such items into evidence that a witness identifies the item and it has a relevancy to the issues of the case. *Woodard v. State*, (1977) Ind., 366 N.E.2d 1160; *Owens v. State*, (1975) 263 Ind. 487, 333 N.E.2d 745."

*Id.* 389 N.E.2d at 308–09.

The above reasoning in *Gee* applies to the case at hand. The interior of the automobile had non-fungible characteristics and Officer Mitchell described the photograph as a true and accurate representation except for the snow, of the interior of the car on the night defendants were arrested. He also stated that the car was towed to the police station and impounded, although he did not know what was done with it afterwards. The impounding of the vehicle shows that access to the car was limited, more so than if the car had been left unattended on a public street. There was a sufficient showing of foundation and chain of custody of the car. There was no error in the admission of exhibit 8.

### IV.

Exhibit 8 comes under attack once again. In this issue, defendants Bray and

Davis contest its introduction because of its relevancy. They state that the mere presence of the tire iron in the front of the car fails to prove the inference that defendants used the tire iron as a burglary tool. The State contends that the exhibit is relevant because the inference produced by the presence of the tire iron adds to the circumstances which establishes the guilt of the defendants.

Evidence having even a slight tendency to prove a material fact in issue is relevant. *Waters v. State*, (1981) Ind. 415 N.E.2d 711, 713; *Jones v. State*, (1979) Ind. 385 N.E.2d 426, 428. Evidence at trial showed that there was a forced home invasion. A tire iron was found close at hand to the defendants, who were apprehended not far from the scene of the burglary. Recently, in *Griffin v. State*, (1981) Ind., 415 N.E.2d 60, we held that the introduction into evidence of a flashlight and pry bar was relevant to show the commission of a burglary. While the presence of the tire iron alone might create only a slight tendency to demonstrate that it had been used to gain entry into the victim's home, such is sufficient to render the evidence relevant and admissible. There is no trial court error here.

## V.

 During the trial, Officer Mitchell testified that he heard a radio dispatch that a suspicious vehicle was spotted in the vicinity of 35th Place. He proceeded to investigate and assisted another squad car which had stopped the vehicle driven by defendants. Defendants argue that the radio dispatch was hearsay and was used to show the guilt of the defendants.

 Hearsay evidence is in-court testimony concerning an extra-judicial statement which is being offered to prove the truth of the matters asserted therein. *Morris v. State*, (1980) Ind., 406 N.E.2d 1187, 1189; *Patterson v. State*, (1975) 263 Ind. 55, 56–57, 324 N.E.2d 482, 484. The State is correct in asserting that the radio dispatch was not offered for the truth of the matters asserted therein but only to show the jury why the officer made an investigation on the night of the burglary. In addition, the trial court judge admonished the jury that the dispatch was not being offered "to show the truth of what the out of court party said, but only to show what this officer did as a result thereof." The trial court did not err in overruling the defendants' objection.

## VI.

 Defendants Bray and Davis next contend that the trial court erred in denying their motion for judgment on the evidence after the State rested. In addition, they also allege there was insufficient evidence to convict them of burglary. Defendants' arguments are substantially similar in nature and we will dispose of them both in this section.

This Court has held that overruling a motion for a judgment on the evidence is error only if there is a total lack of evidence on some essential issue or where the evidence is susceptible of only one inference, and that being in favor of the accused. *Norris v. State*, (1979) Ind., 394 N.E.2d 144, 149; *Dunville v. State*, (1979) Ind., 393 N.E.2d 143, 147; *Blow v. State*, (1978) 267 Ind. 632, 634, 372 N.E.2d 1166, 1167. There was no question that a burglary took place, and defendants were apprehended near the scene of the burglary with the stolen television set in the trunk of their car. The evidence presented was not susceptible to only an inference in favor of the accused and the trial court did not err when it denied defendants' motion.

 When the issue of sufficiency of the evidence is raised on appeal, this Court will neither weigh the evidence nor determine the credibility of witnesses. Rather, we will consider only the evidence which is most favorable to the State, together with all reasonable inferences to be drawn therefrom, and if, from that evidence a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt, the conviction should be affirmed. *Kimmel v. State*, (1981) Ind., 418 N.E.2d 1152, 1158; *James v. State*, (1980) Ind., 411 N.E.2d 618, 622; *Ferguson v. State*, (1980) Ind., 405

N.E.2d 902, 904. It is also clear that a conviction may be sustained upon circumstantial evidence alone. *Willard v. State,* (1980) Ind., 400 N.E.2d 151, 160; *Ruetz v. State,* (1978) 268 Ind. 42, 51, 373 N.E.2d 152, 156–57.

At about 6:45 p. m., on February 27, 1980, Mr. DeLoney left his home at 852 East 35th Place to watch a basketball game. Before he left, he turned on the lights and the television to scare away burglars, and locked the doors. When Mr. DeLoney and his family returned home shortly after 10:00 p. m., they encountered difficulty entering the house because the door was stuck. Mr. DeLoney noticed the doorknob was bent and finally had to kick the door open to gain entrance. Mr. DeLoney checked the house and discovered his twenty-five inch television console was missing. This was a large, heavy console, much too heavy for one person to move.

Around 9:30 p. m., on February 27, Sergeant Herma of the Gary Police Department received a radio dispatch regarding a suspicious vehicle. Sergeant Herma investigated and stopped the defendants' vehicle not too far from the DeLoney residence. A large Magnavox console television was protruding from the trunk of the car. The television was later identified by Mr. DeLoney as the one taken from his home. In addition, a tire iron was found in the front interior of the car, on the floor near the passenger side.

Defendant Davis told the police that he had just purchased the television from a person named "Bob" and gave the police a nearby address. A woman at that address told the police that her husband was named Bob but that no television was missing or had been sold from that house. The police did not talk to her husband. We find the evidence sufficient to sustain the convictions. Defendants were discovered near the burglarized home when the residence was unoccupied. There were signs that the door of the home had been forced open. A tire iron was found in the interior of defendants' car, along with the missing television in the trunk. Thus, it was not error to deny the motion for judgment on the evidence and there was sufficient evidence to sustain the convictions for burglary.

## VII.

Finally, defendants contend that their sentences constituted cruel and unusual punishment and were also manifestly unreasonable. Defendant Davis was given twelve years in prison and defendant Bray was given fourteen years.

This Court stated in *Hawkins v. State,* (1978) 269 Ind. 16, 378 N.E.2d 819:

"The Eighth Amendment to the United States Constitution bans punishments which are either 'barbaric' or excessive in relation to the crime committed. *Coker v. Georgia* (1977), 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982. A punishment is excessive and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment such that it constitutes nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. *Gregg v. Georgia* (1976) 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859."

*Id.* at 19, 378 N.E.2d at 820–21.

The imposition of the fourteen and twelve year sentences did not constitute cruel and unusual punishments. In addition, the penalty for a Class B felony is a fixed term of ten years, with not more than ten years added for aggravating circumstances or not more than four years subtracted for mitigating circumstances. Ind. Code § 35–50–2–5 (Burns Repl. 1979). The trial court has criteria available for consideration in determining the number of years it will sentence defendants to prison. The trial court here said the two men had prior criminal histories and that reducing their sentences would depreciate the seriousness of the crime, two factors which are considered aggravating circumstances under Ind.Code § 35–4.1–4–7 (Burns Repl. 1979). The trial court was in compliance with the statutory procedure for sentencing. *See Gardner v. State,* (1979) Ind., 388 N.E.2d 513. These sentences are not manifestly

unreasonable in light of the nature of the offense and the characters of the offenders. Ind.R.App.Rev.Sen. 2(1).

The judgment of the trial court is affirmed.

All Justices concur.