Charles BRUMFIELD, Appellant,

v.

STATE of Indiana, Appellee.

No. 282S52.

Supreme Court of Indiana.

Dec. 7, 1982.

Frederick T. Work, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant, Charles Brumfield, was convicted of Voluntary Manslaughter, Ind.Code § 35–42–1–3 (Burns Repl.1979), at the conclusion of a jury trial in Lake Superior Court on August 24, 1978. Defendant Brumfield was sentenced to sixteen (16) years imprisonment. After a delay of some years, Defendant now appeals.

Defendant Brumfield raises four errors on appeal, concerning: 1) whether Defendant has been denied his constitutional right to a fair trial through the admission of a prejudicial exhibit and the use of evidentiary harpoons; 2) whether the relevance of State's Exhibit 5 was outweighed by its prejudicial, inflammatory, and cumulative effects; 3) whether there was sufficient evidence to convict Defendant of involuntary manslaughter; and, 4) whether the State commented improperly on imprisonment the defendant would receive if convicted.

On February 17, 1978, Defendant and the victim, John Hope, apparently disagreed about some liquor while inside a liquor store. Brumfield produced a gun and fired four bullets, killing Hope.

I

In this first issue the defendant points out as reversible error the admission of a photograph, improper re-direct examination of a State witness, and certain evidentiary harpoons. We find that the defendant has waived any alleged error. In *Guardiola v. State*, (1978) 268 Ind. 404, 405, 375 N.E.2d 1105, 1107, we said:

"[A]sserted errors to be argued on appeal must be separately stated in the motion to correct errors. If this is not done, such errors will be deemed waived on appeal; they cannot be argued for the first time in appellate briefs. *Spivey v. State,* (1971) 257 Ind. 257, 274 N.E.2d 227. There is an exception to this rule for sufficiency of evidence claims. *Collins v. State,* (1977) Ind., [266 Ind. 430] 364 N.E.2d 750. For other issues, however, the requirement is also to the effect that errors be stated *with specificity* in the motion to correct errors. The errors 'should not be hidden in a generality to be later specifically raised on appeal,' *Finch v. State,* (1975) 264 Ind. 48, 50–51, 338 N.E.2d 629, 630, and they must be 'accompanied by a statement of the facts and grounds upon which the errors are based,' Ind.R.Tr.P. 59(B) [now found in 59(D)(2)]. The rule's purpose is to allow the trial court the first opportunity to determine or remedy contended issues. *Finch, supra.*" (emphasis in original).

Exhibit 5, a photograph, is raised in two different issues in the appellate briefs and we will decide that question in Issue II. The relevant portion of the motion to correct errors concerning the remaining alleged errors in this issue reads as follows:

"5. That the court made an error by allowing into evidence, inadmissible testimony and exhibits."

The defendant failed to point to any specific instances that embraced paragraph 5 of his motion to correct errors. The trial court must be given the first opportunity to address these alleged errors. Defendant's lack of specificity has waived this issue on appeal.

## II

Defendant argues that the relevance of State's Exhibit 5 is outweighed by its prejudicial, inflammatory and cumulative effect. Exhibit 5 shows the decedent's clothed legs sticking out from behind a sales counter in the liquor store. Defendant feels that other diagrams and charts showed the position of the victim on the floor and the introduction of exhibit 5 served only to confuse and unduly prejudice the jury against the defendant.

The admission of photographs is within the sound discretion of the trial court and will not be disturbed unless the trial court abused its discretion. To be admitted, it must first be established that the photographs are a true and accurate representation of the things they are intended to portray. *Bray v. State,* (1982) Ind., 430 N.E.2d 1162, 1164; *Chambers v. State,* (1979) Ind., 392 N.E.2d 1156, 1160. The relevancy is determined by whether a witness would be allowed to describe verbally that which the photograph depicts. *Bray, supra; Murphy v. State,* (1977) 267 Ind. 184, 195, 369 N.E.2d 411, 416. We have also held that a photograph is admissible, despite its gruesome nature, if it accurately depicts a scene or object which a witness could describe. *Bledsoe v. State,* (1980) Ind., 410 N.E.2d 1310, 1313.

We find no error in the admission of the photograph. Exhibit 5 was in black and white, showing the position of the murder victim behind a counter. Only the legs of the victim are shown in the photograph. Some black spots around the victim's feet are probably blood but they do not appear to be gruesome. Officer Reed testified that the photograph was a true and accurate representation of the position of the victim when he arrived at the scene of the murder. We fail to see how this exhibit confused the jury or prejudiced the jury against the defendant nor do we feel that it is cumulative of other evidence. There is no error on this issue.

## III

Defendant alleges that there was insufficient evidence presented at trial to show his guilt beyond a reasonable doubt. The voluntary manslaughter statute, Ind.Code § 35–42–1–3, reads as follows:

"(a) A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a class B felony.

(b) The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder under section 1(1) [35–42–1–1(1)] of this chapter to voluntary manslaughter."

When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which the jury could find the defendant guilty beyond a reasonable doubt. *Showecker v. State,* (1982) Ind., 432 N.E.2d 1340, 1342; *Willard v. State,* (1980) Ind., 400 N.E.2d 151, 160.

The evidence most favorable to the State reveals that the defendant entered Ora's Liquor Store at approximately 3:15 p.m., on February 17, 1978. Various patrons of the store were present, including John Hope, the murder victim. Jerry Guider, the chief witness for the State, testified that the defendant and the victim shook hands and talked to one another but did not appear to be arguing. Guider also said that Hope asked for a "hit" of the defendant's whiskey but the defendant refused to give him any, which the defendant later corroborated on the witness stand. The two men parted but when the defendant walked past Hope, the defendant reached into the back of his pants, pulled out a pistol, and dropped it on the floor. The defendant then bent over, picked up the gun and fired four shots at Hope. Hope tried to raise the latch on the counter door as though he was trying to escape.

Guider stated that he did not see any weapons on Hope at any time. Guider did not hear any argument or threats and did not see any fight prior to the firing of the pistol.

The above evidence shows that the defendant knowingly and intentionally killed Hope. Defendant Brumfield disputes this even though he admitted shooting Hope on the stand because he felt that if Hope had reached the gun first, Hope would have killed him instead. The defendant also disagreed with Guider's version of the events, stating that Hope reached over and was responsible for knocking the gun to the floor. Because of his testimony, along with some evidence of Guider's prior inconsistent statements, the fact that two other people who were present in the liquor store did not see what happened until after the homicide occurred, making Guider the only eyewitness, and because the defendant's brother, a Gary policeman, had arrested Guider three times before, the defendant claims that Guider's testimony is therefore unreliable. The jury, not this Court, judges the credibility of the witnesses. *Lawson v. State,* (1980) Ind., 412 N.E.2d 759, 769. The jury was free to believe or disbelieve both Guider's testimony and the defendant's testimony; the jury apparently chose to believe the former. It is also well established that the testimony of a single eyewitness can be sufficient to sustain a conviction. *Walker v. State,* (1980) Ind., 409 N.E.2d 626, 631.

 The defendant also claims that the evidence shows he acted in self-defense. To prevail on such a claim, the defendant must have been in a place where he had a right to be, acted without fault, and acted in *reasonable fear or apprehension of death or great bodily harm. Dean v. State,* (1982) Ind., 432 N.E.2d 40, 43. The defendant acted unreasonably in shooting Hope four times because the record shows that Hope had no weapon and did not appear to be threatening the defendant in any manner that would justify such force. The jury properly reached a verdict of guilty under the voluntary manslaughter statute.

## IV

Finally, the defendant argues that the prosecutor made some improper statements about his testimony that should have made the trial court declare a mistrial. Defendant pointed to the following comments as prejudicial to himself:

"Then you heard the defendant testify. You will be instructed you have the right to examine the interests of anyone testifying. In this case, this defendant faces imprisonment for murder. This defendant related his story to you. You will also be instructed that you can consider the probability or improbability of each witnesses' (sic) statements."

At this point defense counsel objected and moved for a mistrial, declaring that the prosecutor improperly commented on the defendant's right to testify.

 Upon review we look to see whether the alleged improper remarks are designed to arouse the passions of the jury or put the defendant in a "position of grave peril." *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843. The decision to grant or deny a mistrial lies in the sound discretion of the trial court, and is reviewed only in terms of whether that discretion has been abused. *Drollinger v. State,* (1980) Ind., 408 N.E.2d 1228, 1240–41. In the final argument it is proper to state and to discuss the evidence and all reasonable inferences which may be drawn therefrom so long as the prosecutor does not imply personal knowledge independent of the evidence. *Barnes v. State,* (1982) Ind., 435 N.E.2d 235, 241.

 In examining the comments we see that the prosecutor was not commenting on the defendant's right to testify but was informing the jury that as a witness the defendant's credibility would be determined by them. It is no secret that anyone charged with murder faces possible imprisonment. The trial court stated that the comments did not reach the point where he should admonish the jury. The judge also stated that he would listen carefully to what was said because this was a delicate

area but he denied the mistrial motion because he felt the defendant had not been jeopardized. In final instruction 13 the jurors were informed that they were the sole judges of the credibility of the witnesses and they also had a right to examine the interests, if any, of the witnesses. We do not find that the above comments have placed the defendant in grave peril.

.The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.