Miles BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 183S25.

Supreme Court of Indiana.

Sept. 21, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner-Appellant Miles Brown is before this Court appealing from the denial by the Marion Superior Court of his Petition for Post-Conviction Relief. Brown originally was charged with four counts of class B felony burglary, one count of class B felony rape and one count of class B felony criminal deviate conduct. The evidence presented by Brown during his post-conviction relief hearing suggested that after Brown rejected an offer whereby the State would recommend concurrent terms of eight years imprisonment in return for guilty pleas to each count charged, the State filed two habitual criminal counts predicated upon previous and unrelated felony convictions. Thereafter, Brown agreed to plead guilty as charged and accept six concurrent terms of fifteen years in return for the State's agreement to dismiss the two habitual criminal counts. At the guilty plea hearing held in 1978, Brown acknowledged to the trial court that his pleas were voluntarily given, that he understood the terms of his plea agreement and that he admitted the factual basis for each of the felonies to which he was then pleading guilty. The trial judge accepted the negotiated plea agreement and sentenced Brown accordingly. Brown now alleges that his guilty pleas were not voluntarily made since they were the result of threatened imprisonment under Indiana's habitual criminal statute.

Brown concedes that the Courts of Indiana and the United States Supreme Court have recognized that the threat of a habitual criminal charge, when supported by probable cause, is a legitimate bargaining tool by which the State may induce guilty pleas. *Bordenkircher v. Hayes,* (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604; *Norris v. State,* (1979) 271 Ind. 568, 394 N.E.2d 144 *reh. denied; McMahan v. State,* (1978) 269 Ind. 566, 382 N.E.2d 154; *Howard v. State,* (1978) 268 Ind. 589, 377 N.E.2d 628, *cert. denied* 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708; *Davis v. State,* (1981) Ind. App., 418 N.E.2d 256. We have held that the only instance in which a threatened habitual criminal charge will cause a guilty plea to be deemed void as involuntarily proffered is when the State could not have pursued the threatened charge for lack of probable cause. *Holmes v. State,* (1980) Ind., 398 N.E.2d 1279; *see also Davis, supra.* In the instant case, there was more than sufficient evidence showing probable cause to support the State's filing of its two habitual criminal counts against Brown. The State's use of a threat to proceed with habitual criminal charges against Brown, therefore, was a "justifiable exploitation of legitimate bargaining leverage" to induce a plea agreement with Brown. *McMahan,* 269 Ind. at 569, 382 N.E.2d at 156. Brown now urges us to reverse our precedents and to modify the law with respect to guilty pleas. This we will not do.

The judgment of the instant post-conviction relief court is affirmed in all things.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.