Alphonso RHODEN, Petitioner,

v.

Thomas ISRAEL, Warden, and Bronson C. La Follette, Respondents.

No. 82–C–168.

United States District Court, E.D. Wisconsin.

Oct. 11, 1983.

Alphonso Rhoden, pro se.

Bronson C. LaFollette, Wis. Atty. Gen., by Jeffrey M. Gabrysiak, Asst. Atty. Gen., Madison, Wis., for respondents.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a joint jury trial with a codefendant, Steven Russ, both defendants were convicted of armed robbery, party to a crime, contrary to Wis.Stat. §§ 943.32(1)(b), (2) and 939.05. The petitioner was sentenced to imprisonment for seventeen years less time spent in pretrial incarceration. He appealed his conviction to the Wisconsin Court of Appeals. That court affirmed the conviction. The Wisconsin Supreme Court denied review of the Court of Appeals decision. The petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254(b), and his petition in this court is ready for decision. The petition for a writ of habeas corpus will be denied.

The incident which eventually resulted in the petitioner's conviction took place on April 19, 1976. In the early morning hours the petitioner and Steven Russ entered a restaurant with sawed-off shotguns. Keeping the guns trained on the patrons and restaurant staff, they took the money from the cash register and fled. The two men were apprehended within a few hours after the robbery. They were taken back to the restaurant and were identified by the manager, Solom Wiggins. A sawed-off shotgun, a great deal of loose change, and clothes resembling what the robbers had been described as wearing were found in the car in which the petitioner and Mr. Russ were apprehended.

At the preliminary hearing, the restaurant manager was the only witness. He unequivocally identified the petitioner and

Mr. Russ as the men who had robbed him. The manager died between the time of the preliminary hearing and the trial. A transcript of his preliminary hearing testimony was read to the jurors and admitted into evidence at the trial. Although a waitress in the restaurant and one of the customers testified at trial, neither was sure that the petitioner and Mr. Russ were the men who had committed the robbery.

The petitioner and Mr. Russ were tried jointly. Numerous motions for severance made by the petitioner's counsel were denied. Prior to trial, Mr. Russ sent the petitioner a letter indicating that he intended to disrupt the trial. During the jury selection process and again during the trial, Mr. Russ did in fact engage in disruptive behavior that led to his exclusion from the courtroom on two occasions. The court instructed the jury several times that each defendant's guilt was to be determined independently of that of the other and that the jury should not consider Mr. Russ' disruptive conduct in deciding whether he or the petitioner was guilty of the crime charged. The jury found both defendants guilty.

In his petition in this court, the petitioner raises four grounds upon which he claims to be entitled to the relief sought. The first two are very similar and will be treated together. In these two grounds the petitioner asserts that his rights to confrontation of his accusers, to due process, and to equal protection of the laws were denied by the admission at his trial of the preliminary hearing testimony of the restaurant manager, Solom Wiggins. As mentioned earlier, Mr. Wiggins had died by the time of trial and was therefore unavailable for cross-examination at the trial. The petitioner asserts that his cross-examination of Mr. Wiggins at the preliminary hearing was curtailed and that he was not afforded the same degree and scope of cross-examination at the hearing that he would have had at trial. Therefore, the petitioner claims, the admission of the preliminary hearing testimony at trial violated his constitutional rights.

The third ground for relief asserted by the petitioner is that he was denied a fair trial by virtue of being tried jointly with a disruptive codefendant. The fourth ground is that the petitioner's sentence of seventeen years was cruel and unusual punishment.

 With respect to the petitioner's first two grounds for seeking relief, I conclude that the admission of Mr. Wiggins' preliminary hearing testimony at trial did not violate the petitioner's constitutional rights to confrontation, due process, or equal protection. In *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), a case also involving use at trial of preliminary hearing testimony of an unavailable witness, the United States Supreme Court stated a two-part test for determining whether confrontation at trial may constitutionally be dispensed with. The first part of the test is clearly met in the case at bar: the declarant whose statement the prosecution wishes to use must be unavailable to testify at trial. The second part of the test requires that the statement bear adequate indicia of reliability and that the jury have a satisfactory basis for evaluating the truth of the prior statement.

In *Roberts* the Court found that the second part of this test had been satisfied because the defendant against whom the testimony was used had been afforded an adequate opportunity to cross-examine the witness at the preliminary hearing and his attorney had in fact made use of that opportunity. The petitioner asserts that *Roberts* is distinguishable from the case at bar because his attorney's opportunity to cross-examine at the preliminary hearing was curtailed and was not coextensive with the opportunity he would have enjoyed if Mr. Wiggins had been cross-examined at trial.

This same contention was made by the petitioner in *United States ex rel. Haywood v. Wolff*, 658 F.2d 455 (7th Cir.1981). In rejecting the petitioner's argument in that case, the Court of Appeals for the Seventh Circuit noted that the United States Supreme Court has never stated that either the opportunity to cross-exam-

ine or the actual cross-examination at the preliminary hearing "must be as full and complete as allowed at trial in order for testimony from such a proceeding to be admissible in the event the witness subsequently becomes unavailable." *Id.* at 462. The court found that the mere fact that the preliminary hearing testimony was subjected to a less searching cross-examination than it would have been at trial did not render it inherently unreliable. The court examined the testimony in question to see if it had adequate indicia of reliability to justify placing it before the jury in the absence of contemporaneous confrontation of the declarant. The court found that such indicia of reliability existed and concluded that there had been no confrontation clause violation.

The cross-examination at the preliminary hearing in the *Haywood* case was considerably more limited than it was in the case at bar. Furthermore, the indicia of reliability in the case at bar are more substantial than in the *Haywood* case. The *Haywood* court noted a number of general features of the preliminary hearing that also apply to the case now under consideration: the testimony in question was under oath and in open court; it concerned identification of someone directly facing the witness, not someone far removed from the proceedings. In *Haywood,* there were several indicia of *un*reliability that are absent here. For instance, there was testimony in *Haywood* that the witness whose testimony was involved had been under the influence of drugs at the time of the incident in question. Also, there were prior inconsistent statements of the witness that tended to impeach his credibility.

Finally, looking more closely at the scope of cross-examination permitted at the preliminary hearing in the case at bar, I find that there was in fact no true "curtailment" of the defendant's right to cross-examine. It is true that a number of objections were made and sustained during the examination of Mr. Wiggins by the petitioner's attorney. However, in most instances the objections were to questions that had already been asked and answered or that sought irrelevant material, and were properly sustained. Furthermore, the jury at the petitioner's trial also heard the transcript of Mr. Wiggins' cross-examination at the preliminary hearing by Steven Russ' counsel; the latter was permitted to explore the circumstances of the robbery, the defendants' appearance and how Mr. Wiggins had described them to the police, and the circumstances under which he identified the defendants when they were returned to the restaurant after being apprehended. Codefendant Russ had the same motive and opportunity to cross-examine as the petitioner, as required by the former testimony exception to the hearsay rule. *See* Wis.Stat. § 908.045(1).

Under these circumstances I believe that the petitioner had an adequate opportunity to cross-examine Mr. Wiggins at the preliminary hearing and also that Mr. Wiggins' testimony bore sufficient indicia of reliability to justify its admission at trial without contemporaneous confrontation of the witness. I find no violation of the petitioner's constitutional rights to have occurred by virtue of the use of Mr. Wiggins' testimony at trial.

 Turning to the petitioner's second ground for seeking habeas corpus relief, I conclude that the trial court's refusal to sever his trial from that of his disruptive codefendant did not violate his right to due process of law. Motions for severance are committed to the sound discretion of the trial court. *United States v. Papia,* 560 F.2d 827 (7th Cir.1977). To be entitled to a severance a defendant must show that he will be unable to obtain a fair trial without severance, not merely that a separate trial will give him a better chance of acquittal. *Id.* "Ultimately the question is whether, under the circumstances of the particular case, a properly instructed jury can follow the court's limiting instructions and assess each defendant's guilt or innocence solely on the basis of the evidence admissible against him." *Id.* at 837.

There is no suggestion in the case at bar that the codefendants were pressing antag-

onistic defenses or that other characteristics of the evidence were such that the jury was likely to become confused as to its admissibility against one or the other defendant. Rather, the petitioner's argument is, essentially, that Mr. Russ' bad behavior at trial may have "rubbed off" on him and led the jury to be prejudiced against him.

In *State v. Zwicker*, 41 Wis.2d 497, 164 N.W.2d 512 (1969), the Wisconsin Supreme Court rejected a similar argument, finding that the trial court had not abused its discretion in denying a motion for severance based on the disruptive behavior of a codefendant. No cases have been cited to or found by this court which hold that denial of severance in such circumstances amounts to a constitutional due process violation. In my opinion, such a conclusion would be unwarranted in the case at bar. The jury was properly and repeatedly instructed that they were to consider the guilt or innocence of each defendant separately and were not to make judgments based on the personalities demonstrated by the defendants during the trial. I find no reason to believe that Mr. Russ' disruptive behavior would have confused the jury as to what evidence was admissible against each of the defendants.

As to the petitioner's argument that Mr. Russ' actions may have prejudiced the jury against the petitioner, such prejudice remains on the level of speculation. It seems possible that the petitioner's good behavior during the trial may in fact have impressed the jury by virtue of its contrast with Mr. Russ' bad behavior. In any event, any prejudice there may have been to the petitioner does not, in my opinion, rise to the level of denial of due process of law or a fair trial.

 The petitioner's final ground for seeking relief in this court is that his seventeen-year sentence constituted cruel and unusual punishment. In *Solem v. Helm*, — U.S. ——, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme Court explicitly recognized that the eighth amendment to the United States Constitution prohibits punishments that are dispro-

portionate to the crime committed. *Id.* at ——, 103 S.Ct. at 3006. In that case the Court held that a sentence of life imprisonment without possibility of parole imposed pursuant to a recidivist statute upon a defendant who had uttered a $100 no account check was cruel and unusual punishment prohibited by the eighth amendment. The Court stated that the constitutional permissibility of a sentence should be analyzed according to objective factors, among them the gravity of the offense, the harshness of the penalty, sentences imposed on other criminals in the same jurisdiction, and sentences imposed for commission of the same crime in other jurisdictions.

Applying the analysis laid out in *Solem*, I find that the seventeen-year sentence imposed in this case did not violate the eighth amendment's prohibition of cruel and unusual punishment. Although the petitioner had no prior criminal record, the crime of which he was convicted was a serious one, involving the possibility of injury or loss of life. The sentence was not short, but was within the permissible range and less than the maximum allowed by statute. *See* Wis. Stat. §§ 939.50, 943.32(1)(b) and (2). In the *Solem* case, the sentence was a very severe one for the relatively minor criminal conduct involved; only such crimes as murder normally carried such heavy penalties under the state law involved. In contrast, the offense in the case at bar was a serious one and the sentence was one that could also be imposed for similarly serious offense.

Under these circumstances, I do not believe it can be said that the sentence imposed on the petitioner was unconstitutionally disproportionate to the crime of which he was convicted. *Cf. Harris v. Clusen*, 487 F.Supp. 616, 619 (E.D.Wis.1980). Therefore, the petition for habeas corpus will not be granted based on the eighth amendment argument asserted by the petitioner.

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is denied.