**Wayne R. SPRINGER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 383S98.**

Supreme Court of Indiana.

May 15, 1984.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latrialle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Wayne R. Springer was convicted by a jury in the Vermillion Circuit Court of class A felony robbery and class A felony attempted murder. The trial court subsequently sentenced Appellant to two consecutive imprisonment terms of thirty-five years each. Appellant now directly appeals and raises the following four issues:

1. whether sufficient evidence supports Appellant's robbery conviction;

2. whether the trial court erred by admitting a certain knife into evidence;

3. whether the trial court erred by rejecting Appellant's proposed final instruction on voluntary intoxication; and

4. whether the trial court erred by giving its final instructions 14 and 19 pertaining to the attempted murder and robbery charges.

The facts adduced at trial and most favorable to the State show that seventeen-year-old Donald Wagner set out from his father's home in Lake Station to go to Texas on August 29, 1981. He was carrying $100 in cash and $200 in traveler's checks. On that same date, John Rodrigues and Appellant set out to drive from Chicago Heights, Illinois, to Clinton, Indiana, to attend a pig roast. As Wagner was walking along a highway near Lake Station, Appellant drove by in Rodrigues' automobile, stopped, and offered Wagner a ride. Wagner accepted. Several stops were made en route to Clinton including one to buy a case of beer and another to use a truckstop restroom. While at the truck stop, Wagner bought a pocketknife. Appellant, Rodrigues and Wagner eventually arrived in Clinton and attended the pig roast where each drank beer. Sometime later, Wagner fell asleep in the back seat of Rodrigues' car. Wagner testified that he was awakened outside of the car by someone pulling his left arm behind his back while holding a sharp object to his throat. Wagner did not know who was so holding him until he heard Appellant say: "give me everything you've got and if you yell I will cut your throat." Wagner re-

sponded by giving Appellant his wallet, cash, traveler's checks, and recently purchased knife. Appellant thereupon began to jab Wagner and "slice" at his back with his knife. Appellant kicked Wagner causing him to fall down. He also stabbed Wagner several more times before flipping him over and stabbing him in the chest. Wagner said that he screamed and tried to get away but was unable to. Sometime during the attack, Appellant laughed, grabbed Wagner's hair, pulled his head back and cut across Wagner's throat. Appellant subsequently left Wagner lying in a gully and unable to move. Appellant returned the next morning and kicked Wagner in the ribs a few times before leaving. Wagner pretended to be dead. Several hours later, Appellant again returned and stabbed Wagner some more when he saw Wagner's hand move. Appellant left and Wagner was found lying in the gully in critical condition at approximately 4:30 that afternoon. Wagner testified that he received some twenty-six to thirty stab wounds of varying size including wounds to his nose, face, left ear, throat, chin, right hand, chest, lung, kidney and back. Wagner spent approximately three weeks in a hospital recuperating including four days in an intensive care unit. Appellant was arrested after having cashed several of Wagner's traveler's checks.

## I

Appellant first challenges the sufficiency of the evidence supporting his robbery conviction. Appellant's claim, however, is based only upon his own testimony that he found the victim's stolen property in Rodrigues' automobile. He does not deny that he cashed some of Wagner's traveler's checks and used the proceeds for himself. The victim testified that Appellant demanded and took from him his billfold, cash, traveler's checks and knife.

With regard to sufficiency of evidence questions, it is well-settled that this Court will neither reweigh the evidence nor determine the credibility of witnesses but will consider only that evidence most favorable to the State with all logical and reasonable inferences therefrom. Moreover, it is well-established that the uncorroborated testimony of the prosecuting witness is sufficient to sustain a felony conviction. *Jones v. State* (1983) Ind., 445 N.E.2d 98; *Brown v. State*, (1982) Ind., 435 N.E.2d 7 (robbery conviction). Reviewing the evidence in the instant case as above stated, we find more than sufficient evidence of probative value to support Appellant's robbery conviction.

## II

Appellant next contends that the trial court erred by admitting into evidence a certain knife which was State's exhibit 8. Although the State conceded at trial that exhibit 8 was not the knife Appellant used to attack Donald Wagner, Wagner testified that exhibit 8 was "exactly like" the knife Appellant used to stab him. The knife used by Appellant in his attack was referred to repeatedly throughout Appellant's trial. Photographs were introduced to show the knife wounds caused by Appellant and Wagner showed the resulting scars. The State now argues that State's exhibit 8 was demonstrative evidence of the knife referred to throughout the trial and therefore was admissible. We do not agree. This Court has held:

> "The laying of the adequate foundation by the State for the admission of an item of physical evidence by the State involves two showings. First the witness who observed the particular instrumentality must be able to at least state that the item he is shown at trial is 'like' the one associated with the crime. However, before that item is admitted as evidence there must be a showing that it is connected to the defendant and the commission of the crime."

*Hooper v. State*, (1983) Ind., 443 N.E.2d 822, 825. In the case at bar, the State never "connected" the specific knife representing exhibit 8 to Appellant or to the commission of the instant crimes. Although the trial court could have allowed exhibit 8 to be used at trial to illustrate and

explain Wagner's oral testimony, the trial court should not have formally admitted exhibit 8 into evidence. Notwithstanding the trial court's error, Appellant has failed to demonstrate that he was prejudiced in any way by the admission of exhibit 8 into evidence. Every error of the trial court does not require a reversal. We will reverse a judgment only when an error has caused prejudice to a defendant. *Murray v. State*, (1982) Ind., 442 N.E.2d 1012. Accordingly, we find harmless error and will not reverse on this issue.

### III

 Appellant also contends that the trial court erred by refusing to give his proposed final instruction 7 on voluntary intoxication. This Court has held that a trial court errs when it does not give a tendered instruction which is: (1) a correct statement of the law, (2) not substantially covered by other instructions actually given to the jury, and (3) required by the evidence. *Richey v. State*, (1981) Ind., 426 N.E.2d 389. At trial, Appellant testified in detailed fashion about how he and Wagner were situated in Rodrigues' car, how he helped Wagner out of the car, where Wagner stood, what he and Wagner conversed about, how Wagner's conversation irritated him, how Wagner allegedly held a knife and threatened him, how his finger was cut, how he gained possession of Wagner's knife, how he stabbed Wagner and cut Wagner's throat, and how he returned alone to Rodrigues' car. We now hold that the trial court did not err by denying Appellant's proposed instruction 7 because the evidence in Appellant's case did not require it. Specifically, Appellant's own detailed testimony about the events of August 29 and 30, 1981, clearly indicated that he was possessed of his mental faculties during said events and made his tendered instruction inappropriate. *See Ives v. State*, (1981) Ind., 418 N.E.2d 220, *reh. denied.* There is no error on this issue.

### IV

Finally, Appellant argues that the trial court erred by giving its final instruc-

tions 14 and 19. Instruction 14 pertained to the lesser included offenses of attempted murder and indicated to the jury the nine possible verdicts from which they were to choose when deciding upon Appellant's attempted murder charge. Instruction 19 pertained to the lesser included offenses of robbery and indicated to the jury the six possible verdicts they were to choose from when deciding upon Appellant's robbery charge. Appellant objected to these instructions at trial claiming that they misled the jury since they did "not treat each of the separate lesser included offenses with the same weight." We do not agree. Moreover, Appellant was obliged to tender substitute instructions if he believed that the trial court's proposed instructions were confusing or incorrect. *Clemons v. State*, (1981) Ind., 424 N.E.2d 113. Appellant tendered no such instructions. Accordingly, we find that the trial court did not err by giving instructions 14 and 19 to the jury.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., DeBRULER, HUNTER and PRENTICE, JJ., concur.