William HOWARD, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 783 S 266 PS.

Supreme Court of Indiana.

Aug. 14, 1984.

William Howard, pro se.

Linley E. Pearson, Atty. Gen., Robert K. Johnson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, William Howard, is before this Court appealing from the denial of his *pro se* petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of burglary and was found to be a habitual offender. He is serving a term of life imprisonment. We affirmed his conviction in *Howard v. State*, (1978) 268 Ind. 589, 377 N.E.2d 628. He raises the following three issues in this petition:

1. Whether it was fundamental error when the trial court permitted petitioner to appear at trial in leg shackles;

2. Whether the trial court erred in allowing defendant to proceed *pro se* in the post-conviction proceedings; and

3. Whether Indiana's habitual offender statute is unconstitutional.

We note that in post-conviction proceedings our rules place the burden upon the

petitioner to establish his grounds for relief by a preponderance of the evidence. Ind. R.P.C. 1 § 5; *Rinard v. State*, (1979) 271 Ind. 588, 394 N.E.2d 160; *Colvin v. State*, (1975) 262 Ind. 608, 321 N.E.2d 565.

## I.

The record shows that petitioner did not raise the issue of his appearance in leg shackles in his direct appeal or in this petition for post-conviction relief but has raised it for the first time in his brief on this appeal. He cites remarks from the trial court at the time of the jury selection proceedings which show that he was to remain in leg shackles but would already be seated when the prospective jury members came in. The record shows that the court was concerned about the possible disruption of the proceedings if petitioner was not restrained to some extent. There apparently was no objection to this procedure from petitioner at that time.

It is well settled that issues which are not raised either at the trial level, on appeal, or in a post-conviction petition are waived. Ind. R.P.C. 1 § 8; *Dull v. State*, (1978) 267 Ind. 549, 372 N.E.2d 171. However, the petitioner contends that his appearance in leg shackles was such a blatant error that it is fundamental error which may be raised at any time. We do not agree. The law is well settled that to be categorized as fundamental error and thus to transcend our procedural requirements, an error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively. *Nelson v. State*, (1980) Ind., 409 N.E.2d 637; *Johnson v. State*, (1979) 271 Ind. 145, 390 N.E.2d 1005, *cert. den.*, 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312. We find no fundamental error here, as the trial court must be afforded wide discretion in matters of maintaining order and security for the courtroom and measures were taken to minimize the possibility that the jury would actually see any restraints on petitioner. The issue of petitioner's appearance before the jury panel is waived.

## II.

Defendant next contends that the trial court erred in allowing him to proceed without counsel at the post-conviction relief hearing. However, the record shows that petitioner never asked for the assistance of counsel. He filed an affidavit of indigency in order to file his petition without paying any court costs. He told the court that he did not have money to hire private counsel and that he wanted to proceed without counsel. The record shows that the court suggested that petitioner could ask for legal help from the public defender's office or a legal services organization, but the petitioner replied that he had not been satisfied with the attorneys that had been appointed for him because they didn't want to bring up the points in the trial that he wanted brought out. The judge stated that he felt that petitioner had been represented by competent, skilled counsel at his trial and on his direct appeal.

It is clear from the record that petitioner was not being forced to appear without counsel but wanted to proceed *pro se.* Our rules expressly provide this right to a petitioner during post-conviction relief proceedings. Ind. R.P.C. Relief, Rule 1 § 9. The record shows that petitioner was clearly familiar with our appellate system, knowingly and intelligently waived his right to counsel, and expressly stated he wanted to proceed without counsel. We have consistently found that it is not error to allow an accused to represent himself when that is his knowing and voluntary choice. *Nation v. State*, (1983) Ind., 445 N.E.2d 565; *Duncan v. State*, (1980) Ind., 412 N.E.2d 770; *German v. State*, (1978) 268 Ind. 67, 373 N.E.2d 880. There was no error in allowing petitioner to proceed *pro se.*

## III.

Defendant finally argues that Indiana's habitual offender statute is unconstitutional as it was applied to him. This Court has considered many challenges to the habitual offender statute, Ind. Code § 35–50–2–8 (Burns 1984 Supp.), and we have found that the bifurcated trial procedure does not vio-

late an accused's right to be tried by a fair and impartial jury and that the statute does not impose cruel and unusual punishment or otherwise violate constitutional standards. *Funk v. State,* (1981) Ind., 427 N.E.2d 1081; *Ferguson v. State,* (1980) 273 Ind. 468, 405 N.E.2d 902; *Comstock v. State,* (1980) 273 Ind. 259, 406 N.E.2d 1164; *Norris v. State,* (1979) 271 Ind. 568, 394 N.E.2d 144.

■ Petitioner now specifically argues that his sentence for life as a habitual offender upon a conviction for the nonviolent crime of burglary and a prior history of two other nonviolent crimes is cruel and unusual punishment. He was sentenced under our prior habitual offender statute which provided for a mandatory sentence of life imprisonment. Ind. Code §35-8-8-1 (Burns 1975). This Court has considered this argument in other cases and we have held that a life sentence is not excessive when imposed after a defendant's third felony conviction even if such felonies do not involve violence. *Norris v. State,* (1979) 271 Ind. 568, 394 N.E.2d 144; *McMahan v. State,* (1978) 269 Ind. 566, 382 N.E.2d 154.

Petitioner now argues that we must reconsider the constitutionality of his life sentence in light of the recent United States Supreme Court case of *Solem v. Helm,* (1983) 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637.[1] The defendant in that case also received a life sentence under a recidivist statute after being convicted of the charge of uttering a "no account" check for $100. The Supreme Court affirmed a reversal of that sentence finding that it was grossly disproportionate to the nature of the offense. They explicitly recognized that the Eighth Amendment to the United States Constitution prohibits punishments that are disproportionate to the crime committed. *Id.* 103 S.Ct. at 3006; 77 L.Ed.2d at 648. The Court stated that the constitutional permissibility of a sentence should be analyzed according to objective factors, among them the gravity of the offense, the harshness of the penalty and sentences imposed on other criminals in the same jurisdiction.

However, the Court also noted that:

"it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate."

*Solem v. Helm,* — U.S. at —, 103 S.Ct. at 3009, 77 L.Ed.2d at 649, n. 16. Accordingly, we must apply the appropriate objective factors to this case as other courts have done. *Rhoden v. Israel,* (1983 E.D. Wis.) 574 F.Supp. 61.

We find that the crime in this case was a serious one since there was the potential threat of violence to persons who might have been present in the building entered, and the object of the burglary was to remove the business's safe. While petitioner's prior crimes could be classified as nonviolent, they were also serious crimes of burglary and possession of heroin. Furthermore, we find that other individuals in this state are serving life sentences for crimes of theft, forgery, and burglary when they have been found to have two or more prior felony convictions.

We have long recognized that the purpose of the habitual offender statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies. *Whitacre v. State,* (1980) Ind., 412 N.E.2d 1202; *Comstock v. State,* (1980) 273 Ind. 259, 406 N.E.2d 1164. Thus, given the serious nature of petitioner's crimes, the purpose underlying our habitual offender statute and the sentences of other individuals in this state, we do not find that the penalty imposed here is so grossly disproportionate to the offense

---

1. Petitioner incorrectly cited this case as *Helm v. Dakota.*

**4**

committed that it is not within constitutional limits.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.