James **SMITH**, Jr., Appellant,

v.

**STATE** of Indiana, Appellee.

No. 984S340.

Supreme Court of Indiana.

March 12, 1985.

Sheila Suess Kennedy, Mears, Crawford, Kennedy & Eichholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James Smith, Jr. was found guilty of Attempted Murder, a class A felony, and Robbery, a class A felony, by a jury in the Marion Superior Court on April 25, 1984. On May 15, 1984, the Honorable Patricia J. Gifford sentenced Appellant to the Department of Corrections for a period of fifty (50) years for each Count, totalling a term of one hundred (100) years. The sentences were ordered to be served consecutively. Appellant now directly appeals and raises the following four issues:

1. the trial court erred by denying Defendant's motion to suppress;

2. the trial court erred by denying Defendant's motion for continuance;

3. the trial court erred by ordering Defendant shackled through the trial; and

4. the trial court erred by allowing Defendant to be convicted of two separate

crimes and by imposing two separate sentences.

Appellant Smith visited Eve's Garden Massage Parlor in Indianapolis on August 3, 1983. He paid twenty-five ($25.00) dollars for rent on a room with a waterbed and paid masseuse Carry Perry forty ($40.00) for a nude sensitivity session. During the session, Appellant became dissatisfied and demanded his money back. Perry returned the forty ($40.00) dollars but told him he would have to discuss the refund of the room rent with the security guard in the front office. Richard Armstrong, age forty (40), was the security guard stationed in the office where room rent was collected. Appellant requested the refund, but Armstrong politely told him refunds were not permitted. Signs in the lobby area indicated this policy. Appellant left but returned about thirty (30) minutes later. He charged into the establishment with a large caliber handgun, exclaiming to Armstrong, "I'm going to kill you." Before Armstrong could retrieve his revolver, Appellant shot him in the neck, severing Armstrong's motor nerves. Defendant took Armstrong's money and revolver, then pointed his gun at Perry and another masseuse and demanded their money. The other masseuse promptly gave him twenty-five ($25.00) dollars and Perry gave him sixty ($60.00) dollars. As Appellant turned to leave he shot Armstrong once more, this time in the arm.

Armstrong suffered serious injuries causing a two month hospital stay. He is paralyzed, suffers ongoing muscle spasms along with other side effects, and is permanently confined to a wheelchair.

## I

Appellant first claims the trial court erred by denying his motion to suppress. Appellant's motion to suppress alleged that his confession was the result of police harassment, physical abuse, and duress. The record reveals that on February 16, 1984, Appellant's attorney filed a motion to suppress evidence. On February 23, 1984, Judge Gifford set a hearing date of March 3, 1984 on Defendant's motion. The record further indicates a hearing was held March 3, 1984 wherein Defendant's motion to suppress was denied.

Officer John Larkins interviewed Appellant on August 10, 1983 after fully reapprising Appellant of his *Miranda* rights. The record reveals that Officer Larkins testified at trial that after reading Appellant his *Miranda* rights, Appellant stated he wanted to make a statement. A waiver form was executed and introduced at trial. After the form was signed Larkins engaged in a tape recorded conversation with Smith. The transcript of this conversation was read to the jury and presented in the record. In it Appellant admits visiting the massage parlor and returning with a gun with the intent to receive a refund. He claims he shot Armstrong because he thought Armstrong was going to shoot him. He also admits he stole the gun he used to shoot Armstrong from an apartment security guard. Furthermore, he states he took Armstrong's gun with the intent of reselling it. Larkins testified that Appellant was fully cooperative and nonviolent the day of this conversation and that Larkins never touched Appellant. However, Larkins testified that two days later Appellant became violent and Larkins used force in return to constrain him.

The record reveals that a hearing was held on Appellant's motion to suppress and the trial court thereafter denied Appellant's motion. Appellant now alleges this was error. The record simply does not support Appellant's claim. Appellant has neglected to include in the record any transcript of the March 3, 1984 hearing. It was incumbent upon Smith, as appellant, to present a sufficient record to permit an intelligent review of this issue. *Smith v. Indiana*, (1981) Ind., 422 N.E.2d 1179; *Jaske v. State*, (1978) 269 Ind. 196, 379 N.E.2d 451. Thus, the error which is alleged but not disclosed by the record is not a proper subject for review. *Id.* Because the record before us contains mere allegations of a coerced confession, and no evidence to support these allegations, we can-

not conclude that the trial court erred by denying Appellant's motion to suppress evidence.

## II

Appellant argues the trial court erred by denying his motion for continuance. Because the prosecutor filed additional discovery on the last working day before trial, Defendant sought a continuance. The record shows that at the hearing on Defendant's motion the only additional discovery were two witnesses who were to be called by the State to testify only as to chain of possession. The trial court determined that before each witness testified, Defendant would be granted a thirty (30) minute continuance. Appellant now claims the trial court erred in this ruling.

Denial of a continuance motion is reversible error only where there has been a clear abuse of discretion. *Downer v. State*, (1982) Ind., 429 N.E.2d 953. Furthermore, Appellant is not entitled to reversal unless he can demonstrate he was prejudiced by the error he asserts. *Springer v. State*, (1984) Ind., 463 N.E.2d 243; *Henderson v. State*, (1983) Ind., 455 N.E.2d 1117. Upon review of the record we can find no harm occasioned by Appellant due to the court's denial of his motion for continuance. The trial court did not abuse its discretion by determining Appellant's counsel could adequately question each chain of custody witness for thirty minutes before that witness testified. Therefore, Appellant has demonstrated no error by raising this issue.

## III

Appellant alleges next that the trial court erred by ordering Defendant shackled through trial and by allowing Defendant to appear in court in prison garb. Due to the lack of necessity for such measures, Appellant argues he did not receive an impartial trial.

A trial court is afforded discretion in matters of maintaining order and security for the courtroom and it will be deemed proper to have an accused wear shackles during trial to reach that end. *Howard v. State*, (1984) Ind., 467 N.E.2d 1, 2. Again the record clearly reveals that such measures were warranted. The trial court found, after a hearing on this matter, as follows:

"... the Court is of the opinion that the (because of the) recommendation of the jail Commander and of the deputies present that the defendant should remain in chains and that he is dressed in the attire that he is dressed in of his own free will and choice and that he does have clothes present to put on any time he wishes to do so and because of the fact that he is a security risk, the Court would order that the defendant remain chained during this trial."

Record at 187.

Also the court asked Defendant more than once if he desired to put on his civilian clothes and Defendant remained mute on the subject.

Fred Golgart, the Deputy Sheriff of Marion County testified at the hearing and stated the jail commander had ordered that if at any time Appellant's chains were removed a minimum of ten deputies should be present because of the high security risk Appellant posed. Appellant had frequent outbursts of violence in jail and was violent and hostile the morning of the trial. Appellant had held his public defender hostage in jail by holding a sharpened toothbrush in his ear until a SWAT team disarmed him. Additional evidence of Appellant's violent nature was given at the hearing. However, it is quite obvious from this testimony that the court did not abuse its discretion by ordering Defendant Smith shackled during trial. The court took whatever precautions it could to have most of the shackling removed from the jury's view. Appellant by choice remained in prison garb. Consequently, no error is presented on this issue.

## IV

Finally, Appellant complains the trial court erred in allowing him to be tried,

convicted, and sentenced to separate terms for both attempted murder and armed robbery because the robbery was the underlying felony for the attempted murder. Appellant is correct that an armed robbery conviction merges into a felony *murder* conviction when the armed robbery is the underlying felony. *Anderson v. State,* (1983) Ind., 448 N.E.2d 1180; *Biggerstaff v. State,* (1982) Ind., 432 N.E.2d 34, 37. However, there is a factual distinction between this case and those cases applying the merger doctrine. Here there was no actual killing during the robbery. Rather, Defendant was charged with attempted murder and armed robbery. The merger doctrine is inapplicable in this case. Accordingly, it was not improper for the trial court to impose separate sentences for both crimes for which Appellant was found guilty. Therefore, the trial court did not err as alleged by Appellant.

### V

Appellant raised six issues upon appeal. Only four of the issues presented for our review were accompanied by an argument. Ind.R.App.P. 8.3(A)(7) reads in part as follows:

"Each error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto.... Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived."

Since Appellant failed to present argument on two issues stated in the brief, these issues are waived.

For all of the foregoing reasons, there was no reversible trial court error and the judgment and sentence are affirmed.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs with separate opinion.

DeBRULER, Justice, concurring.

With respect to issue I it is accurate to say that a complete and proper review of the ruling on suppression is not ordinarily possible in the absence of a record of the suppression hearing, and that it is in the first instance the obligation of counsel to file a complete record. However, in a first and direct criminal appeal, it can be better Judicial Administration to *sua sponte* order completion of the record, particularly where the issue involved is a constitutional one.

I also agree on issue IV that separate sentences are appropriate under the facts of this case for both attempted murder and robbery. Apropos to this issue is our recent case of *Bevill v. State* (1985), Ind., 472 N.E.2d 1247 (Pivarnik, J., concurring and dissenting) where we held that separate sentences for attempted murder and class A burglary could not stand as violative of the state and federal double jeopardy provisions. There the same stabbing of the victim was the basis of the attempted murder charge and the bodily injury element of the class A burglary. The situation at hand is different. Here, there are two separate onslaughts upon the victim Armstrong. The first occurred when appellant shot him in the neck and took the money and revolver. This provided the basis for the class A robbery sentence. The second occurred after the women were robbed, and appellant there again turned his gun upon Armstrong, shooting him again and striking the arm. This provided the basis for the attempted murder sentence.