**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 26 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KEITH WALKER**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEITH WALKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1301-PC-49 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa Borges, Judge
Cause No. 49G04-0206-PC-168193

**November 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Keith Walker ("Walker") appeals, pro se, from the post-conviction court's order denying his petition for post-conviction relief, which sought to set aside his convictions for Class B felony burglary and Class D felony theft and his adjudication as an habitual offender. Walker's petition is based on his claim that trial counsel was ineffective for failing to investigate his mental health history and present evidence that he had been previously diagnosed with chronic paranoid schizophrenia and had taken psychotropic medications for over thirty years.

We affirm.

## ISSUE

Whether the post-conviction court erred by denying Walker's petition for post-conviction relief.

## FACTS

The facts of Walker's crimes were set forth in the opinion from Walker's direct appeal as follows:

> On June 11, 2002, Julia Scrogham notified the police that she had seen a man jump a fence and attempt to enter her neighbor's house. When the police arrived at the scene, they found evidence that the back door had been forced open. They announced their presence, and Walker exited the house. The police found several pieces of jewelry on Walker's person and in his backpack. Several of the pieces belonged to the homeowner . . . Walker's defense was that he was in a "daze" when he went into the house and apparently had no intention to steal.

*Walker v. State*, No. 49A02-0303-CR-243, slip op. at 2 (Ind. Ct. App. Dec. 24, 2003).

When police arrived at the scene, Walker stated, "Damn, another burglary charge." (DA

2

Tr. 7; DA App. 21).[1]  The State charged Walker with Class B felony burglary and Class D felony theft and alleged that he was an habitual offender.

In June 2002, the trial court appointed Dirk Cushing ("Attorney Cushing") as Walker's trial counsel.  In October 2002, Attorney Cushing filed a motion, pursuant to Indiana Code § 35-36-3-1, to have Walker evaluated to determine his competency to stand trial.  In the motion, Attorney Cushing stated that he had "reasonable grounds for believing that [Walker] lack[ed] the ability to understand the proceedings and assist in the preparation of his defense, or may have suffered from some mental illness that affected his ability to appreciate the wrongfulness of his conduct."  (DA App. 68).  The trial court granted the motion and appointed a clinical psychologist, Roger W. Perry, Ph.D. ("Dr. Perry"), and a psychiatrist, George Parker, M.D. ("Dr. Parker"), to evaluate Walker.

When the doctors evaluated Walker, he reported to them that he had auditory and sometimes visual hallucinations.  Walker reported that he had never had inpatient treatment at a psychiatric facility and that he never had any antipsychotic medication.  Walker did not report to the doctors that he had ever been diagnosed with paranoid schizophrenia.  Walker reported that he had symptoms of depression and thoughts of suicide, and he stated that he had been treated with antidepressant medication, such as Prozac and Zoloft.  He also reported that he had started using drugs at age nine and stated that he used marijuana on a daily basis and was addicted to crack cocaine.

---

[1]  We will refer to the Transcript and Appendix from Walker's direct appeal—which were admitted as an exhibit in this post-conviction proceeding—as "(DA Tr.)" and "(DA App.)," respectively.  We will refer to the Appendix and Transcript from this post-conviction appeal as "(App.)" and "(Tr.)."

Both doctors submitted reports to the trial court in November 2002. Both doctors determined that Walker was competent to stand trial and that he appreciated the wrongfulness of his actions at the time of the offense. Dr. Perry reported that Walker "listed numerous mental health complaints[,]" but Dr. Perry indicated that these complaints "did not fit into any clear diagnostic categories" and "had elements of many (sometimes conflicting) diagnoses." (DA App. 74). Dr. Parker diagnosed Walker with depression (mild severity); psychosis not otherwise specified; and cocaine, cannabis, and alcohol dependence that were in remission due to his incarceration. Dr. Parker reported that Walker's diagnosis of psychosis not otherwise specified was based on Walker's report of hallucinations but that Walker did not present or report any other symptoms consistent with schizophrenia. Dr. Parker opined, "with reasonable medical certainty," that Walker had "a mental disease, namely, depression." (DA App. 83). The trial court held a competency hearing in December 2002 and determined that Walker was competent to stand trial.[2]

In January 2003, the trial court held a jury trial. The jury found Walker guilty as charged, and the trial court determined that Walker was an habitual offender. In February 2003, the trial court held a sentencing hearing. When Walker was interviewed by the probation department to compile the presentence investigation report ("PSI"), Walker described his mental health as "poor." (DA App. 138). Walker stated that he had a mental health evaluation in October 2002, which was when he was evaluated by Dr.

---

[2] The transcript from the competency hearing was not a part of the direct appeal record, and Walker did not introduce it as an exhibit in the post-conviction proceedings. Therefore, it is not part of the record before us on appeal.

Perry and Dr. Parker, and he allowed the probation officer to review the doctors' reports. Walker did not report that he had ever had or had been diagnosed with paranoid schizophrenia or that he had ever taken any antipsychotic medications. During the sentencing hearing, Walker did not mention any prior schizophrenia diagnosis or treatment. Attorney Cushing argued that Walker's mental health issues, as revealed in the competency exams, should be considered as a mitigating circumstance. The trial court, however, rejected Walker's mental health as a mitigating circumstance.[3] The trial court sentenced Walker to an aggregate term of forty (40) years executed in the Department of Correction for his two convictions and habitual offender adjudication.

Thereafter, Walker filed a direct appeal from his convictions, arguing that the trial court erred by refusing a jury instruction tendered by Walker. Our Court held that the trial court did not err by refusing the instruction and affirmed Walker's convictions.[4]

In October 2004, Walker filed a pro se petition for post-conviction relief, alleging that Attorney Cushing had rendered ineffective assistance of counsel by failing to adequately investigate Walker's mental health history. The post-conviction court then appointed the State Public Defender, who later withdrew its appearance under Post-Conviction Rule 1(9)(c) in September 2005. The post-conviction court held an evidentiary hearing on Walker's post-conviction petition on October 17, 2007. Attorney

---

[3] The trial court did find undue hardship to Walker's dependents as a mitigating circumstance.

[4] We are perplexed by Walker's assertion that our Court, on direct appeal, concluded that "**there [was] no evidence in the record supporting Walker's argument that he suffered any mental health problems that played a role in the commission of the instant offense.**" (Walker's Br. 22). Our direct appeal opinion, however, does not include any such statement as Walker did not raise any issue in his direct appeal relating to mental health.

Cushing appeared as a witness at that hearing, but Walker did not call him to testify. Instead, Walker verbally requested to withdraw his post-conviction petition without prejudice. The post-conviction court granted Walker's request over the State's objection.

Three years later, in September 2010, Walker filed another pro se petition for post-conviction relief. In June 2011, Walker filed a motion, requesting to litigate his post-conviction case by affidavit in lieu of an evidentiary hearing, claiming he was not competent to conduct an evidentiary hearing due to his "mental retardation and mental illness[.]"[5] (App. 80). In his motion, Walker also sought permission to file an amended post-conviction petition. The post-conviction court granted both of Walker's requests in his motion.

Thereafter, in July 2011, Walker filed an amended post-conviction petition, raising a claim ineffective assistance of trial counsel. Walker alleged that Attorney Cushing was ineffective for failing to investigate the mental health history of Walker and his family members and for failing to request an independent mental health professional to evaluate him regarding competency. More specifically, Walker argued that counsel had failed to "adequately investigate his mental health history regarding his competency to stand trial, his sanity at the time of the offense, and as a mitigating factor in his sentencing." (App. 51). Walker argued that if his trial counsel would have investigated his mental health history, then the trial court "would have heard material and relevant evidence that Walker

---

[5] We note that the post-conviction record and exhibit before us contain no indication that Walker has been diagnosed with "mental retardation." Furthermore, Walker makes no argument regarding mental retardation in relation to his ineffective assistance of counsel claim. We further note that despite Walker's claimed incompetence, he represented himself pro se in the proceedings below and on appeal.

suffered severe mental illnesses of paranoid schizophrenia, bipolar mania, and depression since birth, and further that Walker was not competent" to stand trial. (App. 47).

Walker attached photocopies of medical records to his amended post-conviction petition. The post-conviction court's order indicates that these medical records were from Walker's treatment while at the Department of Correction between August 2007 and May 2010. The post-conviction court ruled that these medical records, which post-dated Walker's trial by four to seven years, were not admissible as exhibits in the post-conviction proceeding because they were neither relevant to Attorney Cushing's representation of Walker in June 2002 to February 2003 nor were they properly authenticated.[6] The post-conviction court granted Walker's request to enter his trial record as evidence, and the State obtained the record of proceedings from Walker's trial and direct appeal, which was admitted as Petitioner's Exhibit A. Other than the trial record, Walker did not present any evidence or affidavits to support his post-conviction petition.[7]

---

[6] Walker did not challenge below, and does not challenge on appeal, the post-conviction court's ruling on the exclusion of his Department of Correction records.

We further note that Walker has included approximately fifty pages of medical records in his Appellant's Appendix. These medical records include some records from the Department of Correction that post-date his conviction as well as other records from his incarceration in jail that pre-date his crime, neither of which were admitted into evidence. It is unclear if these medical records were the ones attached to Walker's amended post-conviction petition or if they are merely documents included in the Appendix that were not part of the clerk's record. Either way, because these medical records were not admitted as evidence in the post-conviction proceeding, we will not consider them on appeal.

[7] In its order denying post-conviction relief, the post-conviction court noted that Walker submitted an affidavit that affirmed that the representations in his post-conviction petition were true and which the post-conviction court described as "akin to the verification [that] accompanies any petition for post-conviction relief." (App. 61 n.1). This affidavit does not appear in Walker's Appellant's Appendix. Instead, he has included a document—with the words "Keith Affidavit" written in the right corner of the page—that alleges that he was diagnosed paranoid schizophrenia since early childhood. This document, which includes references to page numbers in the Appendix, appears to have been prepared after the post-

On December 28, 2012, the post-conviction court issued an order denying post-conviction relief to Walker. The post-conviction court concluded that Walker had failed to meet his burden of proving that he had received ineffective assistance of trial counsel. Specifically, the post-conviction court concluded that Walker "failed to prove that any decision by [Attorney] Cushing not to further investigate Walker's mental health was unreasonable and that he also failed to prove "any reasonable probability that the outcome of the trial would have been more favorable if [Attorney] Cushing had conducted additional investigation regarding Walker's mental health history or that of Walker's family." (App. 67). Walker now appeals.

## DECISION

Walker appeals from the post-conviction court's order denying post-conviction relief on his claim of ineffective assistance of trial counsel. Our standard of review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a

conviction order was entered and in preparation for this appeal. Thus, it was not part of the post-conviction proceedings. Accordingly, we will not consider as it is not part of the record on appeal. *See Carrillo v. State*, 982 N.E.2d 461, 467 n.4 (Ind. Ct. App. 2013) (explaining that we will not consider matters outside the record).

8

whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal citations omitted), *trans. denied.*

A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), *reh'g denied*, *cert. denied.* "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)), *trans. denied.* Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *French*, 778 N.E.2d at 824.

Walker alleges that Attorney Cushing was ineffective for failing to adequately investigate his mental health history in relation to his competency to stand trial and as a mitigating factor at sentencing. Specifically, Walker asserts that his trial counsel "fail[ed] to investigate [Walker's] mental health history even after being informed of it and for failing to inform the trial court that Walker had been diagnosed with chronic schizophrenia and had been treated for his serious mental disease on numerous occasions." (Walker's Br. 11-12). Walker spends many pages of his brief generally

9

discussing the etiology of schizophrenia and contends that if his counsel would have investigated his mental health history, then he would have learned that Walker suffered from paranoid schizophrenia, bipolar disorder, and depression. Walker claims that "mental health records were available that showed that Walker had previously been diagnosed with chronic paranoid schizophrenia" and that he had "a prolonged and documented history of severe mental illness, with numerous psychotropic medications over 30 years." (Walker's Br. 16).

"When deciding a claim of ineffective assistance of counsel for failure to investigate, we apply a great deal of deference to counsel's judgments." *Boesch v. State*, 778 N.E.2d 1276, 1283 (Ind. 2002), *reh'g denied*. Indeed, as our Supreme Court explained:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitation on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

*Id.* at 1283-84 (quoting *Strickland*, 466 U.S. at 690-91).

To support his argument that his trial counsel was ineffective for failing to investigate his mental health history, Walker relies on *Brown v. Sternes*, 304 F.3d 677 (7th Cir. 2002). In *Brown*, the Seventh Circuit reversed the denial of habeas corpus relief to a state prisoner based on the defendant's claim that his trial counsel was ineffective for failing to adequately investigate the defendant's mental health history. *Brown*, 304 F.3d at 695-99. In that case, the post-conviction evidence contained medical records showing

10

that the defendant had been diagnosed with and treated for chronic schizophrenia during a prior incarceration, which required his transfer to the prison's psychiatric unit for two years. *Id.* at 680-81. The evidence also showed that after defendant's trial counsel became aware of the defendant's prior diagnosis and treatment from the defendant's prior counsel, she sought to have the defendant evaluated for competency and sanity. *Id.* at 682. Trial counsel also subpoenaed the defendant's medical records from the prison psychiatric unit but failed to follow-up on the subpoena. *Id.* at 683. Although trial counsel failed to inform the doctors who performed the defendant's competency evaluation that the defendant had a history of treatment for mental illness, the defendant did inform the doctors of his mental illness history, confinement in a psychiatric unit, and anti-psychotic medications. *Id.* Defendant's counsel never informed the trial court of the defendant's mental illness, and the trial court sentenced the defendant unaware that the defendant had been diagnosed with suffering from chronic schizophrenia. *Id.* at 685.

In reversing the denial of habeas corpus relief, the Seventh Circuit Court explained that trial counsel is deemed ineffective if he has "received information from a reliable source that his client has had a history of psychiatric problems, but failed to adequately investigate [that] history." *Id.* at 694. The Seventh Circuit Court held that the defendant had met the burden of showing that his trial counsel's performance was deficient and that he had been prejudiced where trial counsel "inexplicably abandoned their investigation and failed to articulate any strategic reason for the abandonment of the investigation into [the defendant's] mental history." *Id.* at 695.

We find that Walker's reliance on *Brown* is misplaced. Unlike *Brown*, here, Walker presented no evidence in this post-conviction proceeding to show that Attorney Cushing had any knowledge of any alleged schizophrenia diagnosis. Indeed, Walker failed to provide any post-conviction evidence showing that he had been diagnosed or treated for schizophrenia prior to the commission of his crime. Despite Walker's claim that "mental health records were available that showed that Walker had previously been diagnosed with chronic paranoid schizophrenia" and that he had "a prolonged and documented history of severe mental illness, with numerous psychotropic medications over 30 years[,]" (Walker's Br. 16), he did not provide any such records. Instead, he submitted medical records from his time at the Department of Correction *after* his conviction. The post-conviction court, however, ruled that these subsequent medical records were not admissible because they were not relevant or properly authenticated.

Moreover, Walker failed to provide an affidavit from his trial attorney regarding counsel's investigation into Walker's mental health history. When trial counsel is not called upon to testify regarding a defendant's allegations of ineffective assistance of counsel, the post-conviction court may infer that counsel would not have corroborated the petitioner's allegations. *Oberst v. State*, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010), *trans. denied.*[8] Because Walker did not submit an affidavit from his trial counsel, we have no way to confirm the extent of investigation that trial counsel made into Walker's

---

[8] Although Walker did not submit an affidavit from his trial attorney in support of his claims of ineffective assistance, he makes a reference in his brief suggesting that he was able to obtain an affidavit but chose not to submit it as evidence in the post-conviction proceeding. Specifically, Walker states that his trial "counsel offered self-serving affidavits once his performance was challenged." (Walker's Br. 12). Thus, it appears that Walker may obtained an affidavit from Attorney Cushing that was unsupportive of his claims of ineffective assistance.

mental health. Indeed, due to the lack of affidavit from trial counsel, the post-conviction "infer[red] that [Attorney] Cushing would have testified that the appointed doctors' reports were sufficient or that he did additional investigation which did not contradict those doctors' reports, and that he would not otherwise have collaborated this allegation of ineffectiveness." (App. 67). As did the post-conviction court, we infer that Attorney Cushing would not have corroborated Walker's ineffective assistance allegations. *See Oberst*, 935 at 1254. Thus, we presume that counsel's decisions regarding investigating Walker's mental health history was a strategic decision that did not fall below an objective standard of reasonableness.

Finally, in regard to Walker's claim that his trial counsel was ineffective for failing to adequately present his mental health history as a mitigating circumstance at sentencing, we conclude this claim is also without merit. The direct appeal record, which was admitted as an exhibit in the post-conviction proceeding, reveals that trial counsel argued that the trial court should consider Walker's mental health issues as revealed in the competency exams as a mitigating circumstance. As the post-conviction aptly concluded, we "'cannot and will not find . . . trial counsel ineffective for failing to do something that he did, in fact, do.'" (App. 69) (quoting *Perry v. State*, 904 N.E.2d 302, 309 (Ind. Ct. App. 2009) (finding trial counsel was not ineffective for failing to argue defendant's mental health as a mitigator during sentencing where trial counsel did raise the issue during sentencing), *trans. denied*. Walker has failed to show that his trial counsel's performance was deficient or that he was prejudiced.

13

Walker had the burden to establish that he was entitled to post-conviction relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). Walker, however, failed to present evidence to support or establish his post-conviction claim. Because Walker failed to establish his claim of ineffective assistance of trial counsel, we affirm the post-conviction court's denial of his petition for post-conviction relief.[9]

Affirmed.

BARNES, J., and CRONE, J., concur.

---

[9] Walker also argues that his trial counsel was ineffective for failing to challenge aggravators during sentencing. Walker, however, did not include this claim in his post-conviction petition. "Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal." *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) (citing Ind. Post–Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition."), and *Howard v. State*, 467 N.E.2d 1, 2 (Ind. 1984) ("It is well settled that issues which are not raised either at the trial level, on appeal, or in a post-conviction petition are waived.")), *reh'g denied, cert. denied*). Therefore, he was waived review of any such claim.

Additionally, to the extent that Walker attempts to raise a freestanding claim that his "40 year sentence [was] unreasonable[,]" (Walker's Br. 22), we conclude that Walker has waived any such claim. *See Lambert v. State*, 743 N.E.2d 719, 726 (Ind. 2001) (holding that post-conviction procedures do not provide a petitioner with a "super-appeal" or opportunity to consider freestanding claims that the original trial court committed error and that such claims are available only on direct appeal), *reh'g denied, cert. denied*.