Marce Gonzalez, Jr., Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

**Jeffery WOLFE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8808–CR–696.**

Supreme Court of Indiana.

Feb. 8, 1990.

GIVAN, Justice.

Appellant was convicted of Attempted Rape, a Class A felony, for which he received a sentence of thirty (30) years and Robbery, a Class B felony, for which he received a sentence of ten (10) years, the sentences to run concurrently.

The facts are: In May of 1986, the victim and appellant began dating. In June of 1986, appellant moved into the victim's home. After a stormy year interspersed with separations, the victim moved appellant from her home with police assistance. On June 13, 1987, the victim had a date with William Pietraszak. While on the date, the victim and Pietraszak drove to Mike's Restaurant.

Appellant pulled up next to them in the parking lot and ordered the victim to get into his car. She refused and went into the restaurant with Pietraszak. While in the restaurant, the victim went to the restroom, and when she emerged, she found appellant standing by the door. He hit her in the mouth and then was ejected from the restaurant by the owner's son.

The victim and Pietraszak left the restaurant by the back door to avoid appellant. While walking to a nearby bar, appellant blocked them in an alley with his car and threatened to kill Pietraszak. Appellant

drove away when a police car drove into the alley. As they drove away in Pietraszak's car, they noted that appellant followed them. They then went to the victim's house and eventually both fell asleep on the living room couch.

At approximately 5:00 a.m., appellant kicked in the back door of the victim's home and threatened to kill Pietraszak if he did not leave. Believing that appellant would calm down if he left, Pietraszak did so. Appellant then ripped the victim's clothing from her body, grabbed her by the hair, and hit her in the face and chest. She ran into the bathroom, and appellant pounded her head against the wall. He then forced her back into the living room and emptied her purse on the floor. Appellant took approximately $100 from the victim's purse and threatened to cut her throat.

When he went into the kitchen, the victim jumped from the living room window onto the parking lot. Appellant carried her back into the house and laid her on the couch. He then said he was going to get "sloppy seconds." He pushed her legs apart, removed his pants and underwear and laid on top of her. However, the victim struggled, and appellant was unable to complete the rape. As a result of various injuries, including injuries sustained when she jumped from the window, the victim was hospitalized for nine days.

■ Appellant claims he was subjected to double jeopardy by reason of the enhanced attempted rape and robbery counts, each enhanced by reason of physical injury to the victim. The evidence in the case at bar indicates that shortly after entry into the victim's home appellant ripped her clothing from her body then proceeded to injure her. Such conduct would indicate a sexual attack. However, it was following that attack that the robbery occurred. Appellant's stated intention to rape came only after appellant carried the victim back into the house following her jump from the window. There is no evidence of any further injury inflicted by appellant.

This case appears to fall within the facts in the case of *Bevill v. State* (1985), Ind.,

472 N.E.2d 1247 where the victim suffered multiple stabs wounds. However, this Court held that such injury was insufficient to base convictions both on attempted murder and on the bodily injury element of a Class A burglary. *See also Malott v. State* (1985), Ind., 485 N.E.2d 879.

In *Smith v. State* (1985), Ind., 475 N.E.2d 27, Justice DeBruler in a concurring opinion held that where there were two separate onslaughts on the same victim, the two enhanced convictions could stand. However, in that case, Smith had shot the victim, then perpetrated a robbery on women who were present and again shot the victim. This Court ruled that the shootings were two separate onslaughts. In the case at bar, we cannot perceive the onslaughts to be separate even though the appellant inflicted multiple injuries.

■ Appellant claims the trial court erred in failing to grant his motion for a mistrial based upon the State's witness's comment regarding the defendant's presence at Westville. During the testimony of the victim, the prosecutor asked,

"During the time then from say if it was a couple of weeks after you met, say sometime in June of 1986 until May of 1987, were there times when you and Mr. Wolfe would split up or decide to leave, or he would move out?"

Her answer was,

"Yes. Well, the first time that we had to separate, he had to go back to Westville."

At that point, defense counsel moved for a mistrial, which was denied by the court.

However, counsel declined to have the jury admonished, stating that for tactical reasons he did not want to emphasize the Westville remark. Appellant claims, however, that the remark called to the jury's attention the fact that he had been convicted previously of some type of crime. We cannot join appellant in this observation.

Although Westville is a well-known prison site, there was nothing to so indicate in the witness's statement nor was there any mention whatsoever of appellant having previously committed a crime. Had appel-

lant requested an admonition to the jury, such would have been sufficient to cure any possible harm the remark caused. The fact that appellant chose not to ask for an admonition to the jury does not change the situation. We see no reversible error in the trial court's refusal to grant a mistrial by reason of the witness's statement.

Because the physical injuries sustained by the victim cannot be used to enhance both the sentence for robbery and the sentence for attempted rape, we remand this case to the trial court to resentence appellant in compliance with this opinion.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., dissents without separate opinion.