33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffery WOLFE, Petitioner/Appellant,
v.
Robert A. FARLEY, Respondent/Appellee.
 No. 92-4055.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 10, 1994.
 
 Before RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jeffery Wolfe filed a petition pursuant to 28 U.S.C. Sec. 2254 seeking habeas corpus relief from his state conviction of attempted rape and robbery. Wolfe originally was sentenced to a thirty-year term for the rape conviction and a concurrent ten-year term for the robbery. On remand from the Indiana Supreme Court, Wolfe's sentence on the robbery count was reduced to four years, still to be served concurrently. See Wolfe v. State, 549 N.E.2d 1024 (Ind.1990). The second sentence was upheld in a memorandum decision of the Indiana Court of Appeals. See Wolfe v. State, 45A05-9107-Cr-0223 (Ind.App.1990).
 
 
 2
 Wolfe raised three issues in his habeas petition: (1) whether the re-sentence violated the Indiana Supreme Court's remand order; (2) whether the re-sentence subjected Wolfe to double jeopardy; and (3) whether the trial court erred in not declaring a mistrial when a witness noted that she had seen Wolfe at Westville, an Indiana correctional institution. The district court found that Wolfe's petition failed to raise a constitutional claim cognizable under Sec. 2254 and dismissed the petition. See Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990) (stating that state court evidentiary rulings generally not proper basis for granting writ of habeas corpus); Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir.1988) (noting that procedural errors committed in course of state criminal trial are not ground for federal habeas corpus), cert. denied, 489 U.S. 1088 (1989). We affirm.
 
 
 3
 On appeal, Wolfe raises only the first ground, that the state trial court erred on re-sentencing by not following the Indiana Supreme Court's remand order. (Reply Br. at 2). The Indiana Supreme court held that enhancement of both the attempted rape and robbery counts by reason of physical injury to the victim violated the prohibition against double jeopardy. Wolfe contends that the state trial court erred by enhancing the rape count as opposed to the robbery count.
 
 
 4
 In May of 1986, Wolfe went to the house of his ex-girlfriend (the victim), at approximately 5:00 a.m, and kicked in the back door. Wolfe ripped her clothing from her body, grabbed her by the hair, and hit her in the face and chest. She ran into the bathroom, where Wolfe pounded her head against the wall. He then forced her back into the living room and emptied her purse on the floor. Wolfe then took approximately $100 from her purse and threatened to cut her throat. When he went into the kitchen, presumably to get a knife, she fled by jumping from the living room window onto the parking lot. Wolfe, 549 N.E.2d at 1025. She suffered injuries from the fall, that in addition to the beating, made it impossible for her to continue to flee. Wolfe followed her to the parking lot and carried her back up to the apartment. He laid her on the couch and crudely expressed his intent to rape her. However, she struggled, and Wolfe was unable to complete the rape. Id. As a result of the injuries caused by Wolfe and by her fall from the window, the victim was hospitalized for nine days.
 
 
 5
 Wolfe contends that the following language in the remand opinion instructs the state trial court to enhance the robbery sentence as opposed to the rape sentence:
 
 
 6
 The evidence in the case at bar indicates that shortly after entry into the victim's home appellant ripped her clothing from her body then proceeded to injure her. Such conduct would indicate a sexual attack. However, it was following that attack that the robbery occurred. Appellant's stated intention to rape came only after appellant carried the victim back into the house following her jump from the window. There is no evidence of any further injury inflicted by the appellant.
 
 
 7
 Wolfe, 549 N.E.2d at 1025.
 
 
 8
 Wolfe's contention does not allege a violation of the Constitution, laws, or treaties of the United States necessary to invoke habeas review. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Jones v. Thieret, 846 F.2d 457, 461 (7th Cir.1988). The issue Wolfe is raising essentially amounts to whether the injuries suffered by the victim could be attributed to the rape as opposed to the robbery. In the above excerpt, the Indiana Supreme Court concluded: "In the case at bar, we cannot perceive the onslaughts to be separate even though the appellant inflicted multiple injuries." 549 N.E.2d at 1025. Thus, it was left to the trial court to determine which of the two crimes, the rape or the robbery, was effectuated by the inseparable and violent onslaught. The trial court found that the violence was employed to effect the rape. "[I]n a habeas corpus proceeding, state court factual findings that are reasonably based on the record are accorded a presumption of correctness." Bryan v. Warden, Indiana State Reformatory, 820 F.2d 217, 218-219 (7th Cir.), cert. denied, 484 U.S. 867 (1987); see also Bobo v. Kolb, 969 F.2d 391, 396 (7th Cir.1992). Accordingly, we find no constitutional claim ripe for review under Sec. 2254 and affirm the ruling of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Wolfe has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs